<u>COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983</u>

**RECEIVED**

FEB 28 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**FILED**

FEB 28 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Name **HENDERSON CURTIS LEE, SR.,**

(Last)         (First)         (Initial)

Prisoner Number **H-43488**

Institutional Address **P.O. BOX 3481 CORCORAN CALIFORNIA 93212**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**CURTIS LEE HENDERSON, SR.,**

(Enter the full name of plaintiff in this action.)

vs.

**J. PETERSON, C. SPEAKER, T.T. PATCH, M.D. BULLOCK, SL. THOMPSON, J. McBRIDE, DA CHRIST, G. KELLY, K GETB, J. BROWN, S. LUCKETT, R. TUPY, M. COOK K CRUSE, J. AKIN, J. MOULTON, D. MANDEL, S. WRIGHT et al.**

Case No. **C 07-2838 SBA PR**
(To be provided by the clerk of court)

**SECOND AMENDED COMPLAINT**
COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
42 U.S.C §§ 1983

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.    <u>Exhaustion of Administrative Remedies</u>

[**Note:** You must exhaust your administrative remedies before your claim can go

forward. The court will dismiss any unexhausted claims.]

A.    Place of present confinement **CORCORAN STATE PRISON**

B.    Is there a grievance procedure in this institution?

YES (X)      NO ( )

C.    Did you present the facts in your complaint for review through the grievance

procedure?

YES (X)      NO ( )

D.    If your answer is YES, list the appeal number and the date and result of the appeal at

COMPLAINT                    - 1 -

appeal at each level of review.  If you did not pursue a certain level of appeal,
explain why.

1. Informal appeal APPEAL # PBSP 06-02079 WAS BYPASSED TO THE SECOND LEVEL. APPEAL # PBSP 06-02922 WAS BYPASSED TO THE SECOND LEVEL. APPEAL LOG PBSP 06-0051 WAS DENIED ON 11/27/06 _____ 2. First formal level APPEAL # PBSP 06-0051 WAS DENIED AT THIS LEVEL ON 1-24-07.

_____

3. Second formal level APPEAL PBSP 06-02079 WAS DENIED ON 10-17-06. APPEAL # PBSP # 06-02922 WAS DENIED ON 1-10-07. APPEAL # 06-0051 WAS DENIED ON 2-9-07. _____ 4 Third formal level APPEAL # PBSP 06-02079 WAS DENIED ON 1-29-07. APPEAL # 06-0051 WAS DENIED ON JUL 8, 2007. APPEAL # 06-02922 WAS DENIED ON JULY 30, 2007.

E.    Is the last level to which you appealed the highest level of appeal available to
you?

YES (X)      NO ( )

F.    If you did not present your claim for review through the grievance procedure,
explain why. ALL CLAIM HAVE BEEN PRESENTED.

_____

_____

II.    Parties

A.    Write your name and your present address.  Do the same for additional plaintiffs,
if any.

CURTIS LEE HENDERSON SR CDCR # H-43488  P.O. BOX 3481 CORCORAN CALIFORNIA 93212.

_____

B.    Write the full name of each defendant, his or her official position, and his or her

COMPLAINT                           - 2 -

1  J. PETERSON, IS A CORRECTIONAL OFFICER AT
2 PELICAN BAY STATE PRISON, HEREAFTER (PBSP) HIS BADGE NO* IS
3 59276 HIS OFFICIAL POST ASSIGNMENT WAS * 271630 AND
4 POSITION WAS B5 FLOOR OFFICER*2 AND SUED IN HIS OFFICIAL
5 AND INDEVIDUAL CAPACITY.
6  C. SPEAKER, IS A CORRECTIONAL OFFICER AT PBSP
7 HIS BADGE NO* IS 47595 HIS OFFICIAL POST ASSINMENT WAS
8 371605  AND HIS POSITION WAS B5-FLOOR OFFICER*2 AND IS
9 SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY.
10  J.T. PATCH IS A MEDICAL TECHNICAL ASSISTANT AT
11 PBSP HIS BADGE NO* IS 68730 HIS OFFICIAL POST ASSIGNMENT
12 WAS *374025 AND HIS POSITION WAS FACILITY "B" MEDICAL
13 CLINIC AND IS SUED IN HIS OFFICIAL AND INDIVIDUAL
14 CAPACITY.
15  M.D. BULLOCK, IS A CORRECTIONAL OFFICER AT PBSP
16 HIS BADGE NO* IS 66514. HIS OFFICIAL POST ASSIGNMENT WAS
17 *371598. AND HIS POSITION WAS B4 FLOOR OFFICER*2 AND IS
18 SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY.
19  S.L. THOMPSON, IS A CORRECTIONAL SERGEANT AT
20 PBSP HIS BADGE NO* IS 49523 HIS OFFICIAL POST ASSIGNMENT
21 WAS *370375 AND HIS POSITION WAS B FACILITY PROGRAM
22 SERGENT AND SUED IN HIS OFFICIAL AND INDIVIDUAL
23 CAPACITY.
24  J. McBRIDE, IS A CORRECTIONAL OFFICER AT PBSP
25 HIS BADGE NO* IS 44198 HIS OFFICIAL POST ASSIGNMENT WAS
26 221006. AND HIS POSITION WAS SECURITY SQUAD OFFICER*6 AND
27 IS SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY.
28 4

-3-

1  D.A. CHRIST, IS A CORRECTIONAL LIEUTENANT HIS
2  BADGE NO* IS 35940 HIS OFFICIAL POST AT PBSP WAS 370162 AND
3  HIS POSITION WAS FACILITY LIEUTENANT B YARD. AND IS SUED IN
4  HIS OFFICIAL AND INDIVIDUAL CAPACITY.

5  G. KELLY IS A CORRECTIONAL CAPTAIN AT PBSP HIS
6  POST ASSIGNMENT IS UNKNOWN AT THIS TIME. HIS POSITION WAS
7  B FACILITY CAPTAIN AND IS SUED IN HIS OFFICIAL AND
8  INDIVIDUAL CAPACITY.

9  K.GETZ, IS A CORRECTIONAL OFFICER HER BADGE
10 NO* IS UNKNOWN AT THIS TIME. HER OFFICIAL POST AT PBSP IS
11 UNKNOWN AT THIS TIME. HER POSITION WAS B7, FACILITY FLOOR
12 OFFICER. AND SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY.

13 J. BROWN, IS A CORRECTIONAL OFFICER AT PBSP HIS
14 BADGE NO* IS UNKNOWN AT THIS TIME. HIS OFFICIAL POST IS
15 UNKNOWN AT THIS TIME. HIS POSITION WAS B6, FACILITY FLOOR
16 OFFICER AND IS SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY.

17 S. LUCKETT, IS A CORRECTIONAL OFFICER HIS BADGE
18 NO* IS UNKNOWN AT THIS TIME. HIS OFFICIAL POST AT PBSP IS
19 UNKNOWN AT THIS TIME. HIS OFFICIAL POSITION WAS B7,
20 FACILITY FLOOR OFFICER. AND IS SUED IN HIS OFFICIAL AND
21 INDIVIDUAL CAPACITY.

22 R. TUPY IS A CORRECTIONAL LIEUTENANT AT PBSP
23 HIS BADGE NO* IS UNKNOWN AT THIS TIME. HIS OFFICIAL POST
24 IS UNKNOWN AT THIS TIME. HIS OFFICIAL POSITION WAS
25 "B" FACILITY LIEUTENANT.

26 M. COOK, IS THE ASSOCIATE WARDEN OF THE
27 GENERAL POPULATION AND SUED IN HIS OFFICIAL AND
28 INDIVIDUAL CAPACITY.

SECOND AMENDED COMPLAINT
HENDERSON V. PETERSON, ET AL.
C 07 2838 SBA (PR)

1  K. CRUSE, IS A CORRECTIONAL COUNSELOR AT
2  PELICAN BAY STATE PRISON AND SUED IN HIS OFFICIAL AND
3  INDIVIDUAL CAPACITY

4  J. AKIN, IS A CORRECTIONAL LIEUTENANT AT PBSP
5  AND IS SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY.

6  J. MOULTON IS A PHD. AT PBSP AND IS
7  SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY.

8  D. MANDEL, IS A PHD SUPERVISOR AT PBSP
9  AND IS SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

10  S. WRIGHT IS A CORRECTIONAL SERGENT AT PBSP
11  FOR THE ADMINISTRATIVE SEGREGATION UNIT AND IS SUED
12  IN HIS OFFICIAL AND INDIVIDUAL CAPACITY.

13  ## III.
14  ## STATEMENT OF THE FACTS

15  1). FOR A NUMBER OF YEARS I CURTIS LEE HENDERSON
16  SR. HAVE BEEN A PATIENT OF THE CORRECTIONAL CLINICAL
17  CASE MANAGEMENT SYSTEM (CCCMS). AND I HAVE BEEN
18  INFORMED BY PRISON STAFF THAT I AM EXCLUDED FROM
19  PBSP SECURITY HOUSING UNIT (SHU) DUE TO MY MENTAL
20  ILLNESS.

21  2). DUE TO THE ONGOING VIOLENCE AT PBSP I HAD
22  BEEN REFUSING CELL MATES BECAUSE I FEARED FOR MY
23  SAFETY. AND I INFORMED PRISON OFFICIAL OF THAT FACT
24  ON NUMERIOUS OCCASION'S WHICH HAS BEEN THOROUGHLY
25  DOCUMENTED. AND I CONTINUE TO INFORM STAFF THAT I
26  HAVE A RIGHT UNDER THE EIGHTH AMENDMENT OF THE U.S.
27  CONSTITUTION TO BE REASONABLY PROTECTED AND THAT
28  SINGLE CELL STATUS PROVIDED THAT PROTECTION.

SECOND AMENDED COMPLAINT
HENDERSON V. PETERSON et al.
C07 2838 SBA (PR)

-5-

3). ON OR ABOUT OCTOBER 13TH, 2005, I WAS TRANS-
FERED TO THE FRESNO COUNTY JAIL FOR AN EVIDENTIARY HEARING
ON MY COMMITTMENT OFFENSE.

4). ON 2/21/06 I WAS RETURNED TO PBSP AT
WHICH TIME I WAS INFORMED BY LIEUTENANT M.L. MILLER,
THAT I HAD ENEMIES ON BOTH FACILITIES "A" AND "B". AND
I WAS PLACED IN ADMINISTRATIVE SEGREGATION UNIT (ASU)
BECAUSE I DID NOT KNOW WHO THESE ENEMIES WERE I
CONTINUED TO REFUSE A CELLMATE.

5). ON 3/1/06 I WENT BEFORE THE CLASSIFICATION
COMMITTEE WHO'S MEMBERS CONSISTED OF THE CHAIRPERSON
F. JACQUEZ, FACILITY CAPTAIN M. SMELOSKY, LICENSE CASE
SOCIAL WORKER (LCSW) B. DAVIS, AND THE RECORDER N. THREM
WHO INFORMED ME THAT I WILL REMAIN IN (AD-SEG) ASU
DUE TO ENEMY CONCERNS AND PLACED ME ON "S" SUFFIX
WHICH STAND'S FOR SINGLE CELL STATUS.

6). ON 4/19/06 I WENT BEFORE THE CLASSIFICATION
COMMITTEE WHO'S MEMBERS CONSISTED OF THE CHAIRPERSON
M. CASTELLAW, FACILITY CAPTAIN P. TERRY, LCSW B. DAVIS AND THE
RECORDER N. THREM, WHO AGAIN INFORMED ME THAT I
WOULD BE RETAINED IN ASU DUE TO ENEMY CONCERNS
AND AGAIN PLACED THE "S" SUFFIX.

7). ON 5/24/06 I WENT BEFORE THE CLASSIFICATION
COMMITTEE WHO'S MEMBERS CONSISTED OF THE CHAIRPERSON
THE DEFENDANT M. COOK, FACILITY CAPTAIN M. MILLER, PH.D
M. ROSS. AND THE RECORDER THE DEFENDANT K. CRUSE.
THE DEFENDANT M. COOK IN A THREATENING VOICE AND
DEMENOR TOLD ME,

-6-

SECOND AMENDMENT COMPLAINT
HENDERSON V. PETERSON et al
C07 2838 SBA (PR)

"I'M TAKING YOU OFF SINGLE CELL STATUS
AND IM PLACING YOU ON THE YARD SO
DON'T BE CRYING ABOUT IT"

8). I PROTESTED TO THIS DECISION INFORMING THE DEFENDANT THAT IT WAS ILLEGAL TO PLACE MY SAFETY, AND SECURITY, IN SUCH DANGER. AND THAT I HAD AN EIGHTH AMENDMENT RIGHT TO BE PROTECTED. HE SAID,

"SO WHAT I DON'T CARE ABOUT ALL
THIS LEGAL MUMBO JUMBO YOU'VE
BEEN TALKING ABOUT."

9). THE DEFENDANT K. CRUSE SAID TO ME IN A LOUD VOICE,

"STOP CRYING GO OUT THERE AND
BE A MAN HANDLE YOUR BUSINESS"

10). THE DEFENDANTS THEN PLACED ME IN THE GENERAL POPULATION IN THE CELL 4B-7-122 WITH A KNOWN SEXUAL PERVERT INMATE CURTIS JACKSON.

11). PBSP HAS A PRACTICE IT USES ON SEXUAL PERVERTS IN ASU THE CELL DOOR IS COVERED WITH A BRIGHT YELLOW PLEXYGLASS WHICH ANNOUNCES TO EVERY ONE THAT THE OCCUPENT OF THE CELL IS A SEXUAL PERVERT.

12). IN THE GENERAL POPULATION A YELLOW WOOD BLOCK MEASURING ABOUT 4" LONG. x 4" WIDE x 2" THICK IS LOCKED ONTO THE CELL DOOR. THIS BLOCK WAS NOT THERE WHEN I WAS FORCED INTO THE CELL AND FORCED TO SIGN A COMPATIBILITY SLIP UNDER THE THREAT OF LOOSING MY PROPERTY. BUT THE YELLOW BLOCK WAS PUT THERE AFTER I WAS PLACED IN THE CELL.

13). THIS WAS RETALIATION FOR THE EXERCISE OF MY CONSTITUTIONAL EIGHTH AMENDMENT RIGHT.

14). THE PLACEMENT OF THE BLOCK PUT MY SAFETY IN DANGER, AS INMATES LOOK WITH DISFAVOR UPON SUCH INMATES. THE PLACEING OF THE YELLOW BLOCK WAS A SPEAKING SILENCE THAT PLACED MY LIFE IN DANGER AS EVERY INMATE KNOWS THE MEANING OF THE YELLOW BLOCK. THE DEFENDANTS ACTIONS SERVED NO LEGITIMATE GOALS OF THE CORRECTIONAL INSTITUTION AND WAS ARBITRARY AND CAPRICIOUS.

15). I THEN REFUSED TO GO IN THE CELL. AND I WAS PLACED IN A HOLDING CELL FROM 1000 AM UNTIL ABOUT 7 OR 8 P.M.

16). I WAS THEN MOVED TO B BUILDING AND AGAIN I REFUSED A CELLMATE BECAUSE OF MY FEAR OF BEING DOUBLE CELLED.

17). I WAS RETALIATED AGAINST BY MOVING ME TO 6 BUILDING. THE DEFENDANT J. BROWN, ON 7/15/06 THEN BROUGHT INMATE GAITHER T-31937 TO THE CELL AND ORDERED ME TO DOUBLE CELL WITH HIM I INFORMED THE DEFENDANT THAT HIS ORDER WOULD VIOLATE MY CONSTITUTIONAL RIGHTS UNDER THE EIGHTH AMENDMENT

18) THE DEFENDANT J. BROWN THEN ORDERED ME TO DOUBLE CELL WITH INMATE MCCLAURIN. H-44652 AND AGAIN I REFUSED.

19). THE DEFENDANT J. BROWN THEN RETALIATED BY GIVING ME A RULE VIOLATION REPORT FOR REFUSAL TO OBEY ORDERS AND MOVED ME TO 7 BUILDING.

-8-

20). ON MY ARRIVAL TO 7 BUILDING I INFORMED THE DEFENDANT J. BROWN, K. GETZ, AND S. LUCKETT THAT I WILL BE FILING A COMPLAINT BECAUSE THERE ACTIONS ARE UNCONSTITUTIONAL THE DEFENDANT K. GETZ THEN TOLD ME,

"LEARN TO DEAL WITH IT"

AND THEN THE DEFENDANTS K. GETZ AND S. LUCKETT RETALIATED BY CONFISCATING MY TELEVISION AND PLACED ME ON AN UNOFFICIAL AND ILLEGAL "C" STATUS WHICH MENT THAT I COULD NOT HAVE A T.V. NO CATEEN NO PACKAGES NO PHONE CALL'S NO PRIVILEGES.

21). I PROTESTED TO THESE ILLEGAL ACTS AND REQUESTED TO SEE THE SERGENT BECAUSE AN INMATE CAN ONLY BE PLACED ON "C" STATUS ONLY BY A CLASSIFICATION COMMITTEE AND ONLY FOR REFUSING TO WORK.

22). THE DEFENDANT THEN GAVE ME A RULE VIOLATION FOR DEYLAYING A PEACE OFFICER. THESE ACTS WERE RETALITORY FOR THE EXERCISE OF MY FIRST AND EIGHTH AMENDMENT RIGHTS FOR TELLING THE DEFENDANTS K. GETZ WHO WROTE THE REPORT THAT I WILL BE FILING A COMPLAINT. IT WAS MENT TO CHILL THE EXERCISE OF MY RIGHTS.

23). ON 8/6/06 THE DEFENDANT R. TUPY FOUND ME GUILTY OF BOTH RULE VIOLATIONS AND THEN MOVED ME TO 5 BUILDING THIS WAS FURTHER RETALIATION.

24) I WAS MOVED 6 TIME'S FROM CELL TO CELL, IT WAS A COLLECTIVE RETALITORY MEASURE AND NEFARIOUS SCHEME BY ALL THESE DEFENDANTS,

1  TO PRESURE ME INTO RELINQUISHING MY RIGHT'S.

2      25). ON AUGUST 16, 2006 THE DEFENDANTS J.
3  PETERSON AND C. SPEAKER ATTEMPTED TO PLACE ME IN A
4  DOUBLE CELL SETTING WITH ANOTHER INMATE WHOM IS UNKNOWN
5  TO ME AT THIS TIME. WHEN I REFUSED THE DEFENDANTS
6  PLACED ME IN HAND CUFFS AND PUT ME IN A CAGE APPROXI-
7  MATELY 2½ FEET WIDE. 2½ FEET LONG AND 7 FEET HIGH
8  WHERE I STAYED FROM 3 P.M. TO ABOUT 6 OR 7 P.M. THE
9  EXACT TIME IS UNKNOWN TO ME AT THIS TIME. THE DEFENDANS
10  THEN CAME TO PLACE ME IN ANOTHER CELL. I INFORMED THE
11  DEFENDANT S.L. THOMPSON THAT I HAD SAFETY CONCERNS
12  AND SHOWED HIM AND DEFENDANT PETERSON DOCUMENTATION
13  THAT CLEARLY SHOWED THAT I HAD ENEMIES ON THE YARD
14  AND FEARED FOR MY SAFETY AND THAT IS WHY I CHOOSE TO
15  REMAIN ON SINGLE CELL STATUS.

16      26). THE DEFENDANTS IGNORE MY DOCUMENTATION
17  MY CONCERNS AND MY CONSTITUTIONAL RIGHT'S. THEN
18  PLACED ME IN CELL B5-112 WHERE AN INMATE UNKOWN TO
19  ME BY NAME, WHO'S AKA IS HARRY "O" WAS ASSIGNED. THIS
20  INMATE TURNED OUT TO BE AN ACTIVE MEMBER OF THE
21  BLOOD'S STREET GANG. CDCR HAS ME LISTED AS A MEMBER
22  OF THE CRIPS (WHICH I DENY) ALTHOUGH THE LISTING AS A
23  CRIP AND PLACING ME IN THE CELL WITH A BLOOD, PUT MY LIFE
24  IN IMMEDIATE DANGER AND VIOLATED MY SAFETY AND
25  SECURITY. THE BLOOD INMATE WAS TELLING ME THAT THE C/O'S
26  (CORRECTIONAL OFFICERS) WAS TRYING TO SET ONE OF US
27  UP. IT WAS AT THIS TIME I BEGAN HAVING CHEST PAINS.
28  I NOTIFIED THE DEFENDANT C. SPEAKER,

- 10 -

1  WHO CAME TO THE CELL. I TOLD HIM I WAS HAVING CHEST
2  PAINS, AND THAT I NEEDED TO SEE THE MEDICAL TECHNICAL
3  ASSISTANT (MTA) I ALSO INFORMED HIM THAT I NEEDED TO
4  BE MOVED RIGHT AWAY.

5     27). THE DEFENDANTS PETERSON, AND SPEAKER BOTH
6  ESCORTED ME TO THE RETUNDA. PETERSON TOLD ME THAT,
7        "I NEEDED TO QUIT FUCKEN
8            PLAYING GAMES"
9  AND THE DEFENDANT SPEAKER INSTRUCTED ME TO RAISE MY
10 ARM'S OUT TO THE SIDE, AND TO SPREAD MY LEGS SO THAT
11 HE CAN SEARCH ME. I COMPLIED. THE DEFENDANT SPEAKER
12 THEN REMOVED FROM MY POCKET MY ADDRESS BOOKLET
13 ALONG WITH SOME PAPER NAPKINS. HE THEN THREW THESE
14 ITEMS ON THE FLOOR AT MY FEET (I DIDNT THINK ANYTHING
15 OF THIS ACTION BECAUSE INMATES ARE ALLOWED TO
16 RETRIEVE THERE ITEMS AFTER A SEARCH AND REPOCKET
17 THEM) WHEN I SAT DOWN THE DEFENDANT J. PETERSON THEN
18 KICKED MY ADDRESS BOOKLET ACROSS THE FLOOR INTO THE
19 OFFICE DOORWAY AND SAID;
20        "YOUR NOT GOING TO GET THAT"
21 I ASKED HIM "WHY?" HE SAID,
22        " IF YOU WANT TO PLAY GAMES
23          I CAN PLAY TOO"
24 I TOLD HIM THAT THERE ARE VERY IMPORTANT PAPERS
25 ADDRESSES AND PHONE NUMBERS OF FAMILY HE THEN BECAME
26 VERY HOSTILE, I WAS SITTING IN A CHAIR AT THIS TIME,
27 AND HE CAME AND STOOD RIGHT IN FRONT OF ME AND YELL'D
28        " FUCK THAT I THOUGHT YOU WAS,

HAVING CHEST PAINS."
AND I YELLD BACK " WHY ARE YOU TREATING ME THIS WAY?"
THIS DEFENDANT INTENTIONALLY DEPRIVED ME OF MY
ADDRESS BOOK WITHOUT DUE PROCESS OF LAW AND WAS
RETALIATION FOR THE EXERCISE OF MY FIRST, AND EIGHTH
AMENDMENTS AND THE EQUAL PROTECTION CLAUSE OF THE
FOURTEENTH AMENDMENT RIGHT TO REMAIN IN CONTACT
WITH FAMILY, LAWYERS, INVESTIGATORS AND THE COURT.
BECAUSE WITHOUT THOSE ADDRESSES I COULDNT CONTACT
ANYONE. AND THE ONLY COURT I COMMITED TO MEMORY WAS
THE DEL NORTE COUNTY SUPERIOR.

28). I THEN GOT UP OFF THE CHAIR WALKED AROUND
THE DEFENDAT SPEAKER, AND I BELIEVE I EVEN SAID
EXCUSE-ME AND BENT OVER TO PICK UP MY ADDRESS
BOOKLET. THE DEFENDANT SPEAKER GRABBED MY LEFT ARM
AND THE DEFENDANT PETERSON PULLED OUT HIS BATON
AND WITH BOTH HANDS DROVE IT INTO MY BACK LIKE A
STAKE AS I WAS BENT OVER PICKING UP MY PROPERTY. THE
DEFENDANT SPEAKER THEN HELD ON TO MY LEFT ARM WITH
HIS LEFT HAND. HE THEN PULLED HIS BATON AND HIT ME AT
THE BASE OF MY SKULL MY NECK AND SHOULDER BLAIDS.
THE DEFENDANT PETERSON HAD STARTED HITING ME ON MY
THIGHS. I WAS PLEADING FOR THEM TO STOP I SAID
"ALRIGHT ALRIGHT, STOP STOP" BUT THEY CONTINUED TO
ASSAULT ME. I MANAGED TO GET FREE OF THE DEFENDANT
SPEAKERS HOLD ON MY ARM I THEN STEPPED AS FAR
AWAY AS I COULD FROM THE TWO DEFENDANTS TO PREVENT
FROM BEING BEATEN ANY WORSE.

1  AND EVENTHOUGH I MISTAKENLY CALLED HIM LIEUTENANT
2  MCKINNEY, HE KNEW I WAS TALKING TO HIM. HE LOOKED RIGHT
3  AT ME WE MADE EYE CONTACT, JUST AS I DID WITH LIEUTENANT
4  CHRIST. HE LOOKED AROUND DUMBFOUNDEDLY AND WALKED
5  RIGHT OUT THE DOOR FOLLOWING THE DEFENDANT CHRIST. THIS
6  DEFENDANT JUST STOOD BY AND LET AN UNLAWFUL BEATING
7  TO CONTINUE HE WAS THE HIGHEST RANKING OFFICIAL HE HAD
8  THE OPPORTUNITY AND AUTHORITY TO STOP THE BEATING AND
9  CHOOSE TO DO NOTHING. THIS ALSO AMOUNTS TO DELIBERATE
10 INDIFFERENCE. IT WAS A SPEAKING SILENCE TO THE
11 DEFENDANT TO CONTINUE. BECAUSE THEY PAUSED WHEN I
12 PLEADED FOR HELP AND THEY TO LOOKED AT THE DEFENDANT
13 KELLY TO SEE IF HE WOULD SAY OR DO ANYTHING TO AID ME.
14 WHEN HE WALKED OUT THEY CONTINUED. BOTH DEFENDANTS
15 CHRIST AND KELLY WERE STANDING ABOUT 10 TO 12 FEET
16 AWAY FROM WHERE I WAS ON THE GROUND.
17        33). THEN I SEEN J. MCBRIDE STANDING DIRECTLY
18 OVER ME HOLDING A CAMERA AND A SOFT COVER BRIEF CASE
19 AND I SAID TO HIM THAT HE KNOWS THAT I SHOULD NOT BE
20 TREATED THIS WAY HE LOOKED AT ME LIKE HE DIDN'T EVEN
21 KNOW WHO I WAS. AND IN SPITE OF THE FACT THAT WE'VE
22 KNOWN EACH OTHER FOR YEARS HE DID NOTHING TO PROTECT
23 ME. I TRULY BELIEVED THAT ALL THESE YEARS I KNOWN HIM
24 THAT HE WAS ONE OF THE GOOD GUYS THAT DAY ON AUGUST 16,
25 2006 I LEARNED OTHERWISE. AND IT AMOUNTED TO DELIBE-
26 RATE INDIFFRENCE AND VIOLATED MY RIGHTS UNDER THE
27 UNITED STATES CONSTITUTION 8TH AND 4TH AMENDMENT TO
28 EQUAL PROTECTION.

SECOND AMENDED COMPLAINT
HENDERSON V. PETERSON ET AL
C 07 2838 SBA (PR)

1   34). I THEN HEARED LAUGHTER AND NOTICE TO
2   FEMALE MEDICAL ASSISTANTS LAUGHING AT ME. WHEN I
3   REALIZED NO-ONE WOULD STOP THE ASSUALT ON ME I
4   PLEADED WITH THEM "JUST DONT KILL ME" I SAID BECAUSE
5   I WAS SO SCARED THAT I BELIEVED THAT THAT'S WHAT THEY
6   WERE TRYING TO DO.

7   35). THE DEFENDANT BULLOCK THEN PULLED ME
8   UP TO MY FEET BY THE HANDCUFF CHAIN LINKS AND
9   FORCEFULLY RUSHED ME OUT TO THE MINI YARD AND
10  FORCED ME UNDER A SHOWER WITH FREEZING COLD WATER
11  THEN HE AND ANOTHER OFFICER RUSHED ME ACROSS THE
12  PRISON YARD TO THE PROGRAM OFFICE I COULDNT WALK
13  AT THIS TIME BECAUSE THEY REMOVED THE BRACE FROM MY
14  RIGHT ANKLE AND MY RIGHT SHOE WAS MISSING. THE LEG
15  IRONS WERE ON SO TIGHT THEY CUT INTO MY TENDON OF
16  MY LEFT ANKLE. SO I WAS HALF DRAGED HALF LIMPED
17  ALL THE WAY TO THE PROGRAM OFFICE ABOUT 320-400
18  FEET I WAS PLACED IN THE SAME CAGE AS MENTIONED
19  IN (25).ABOVE).

20  36). WHEN I ARRIVED, THERE WAS TWO OTHER
21  INMATES IN OTHER CAGES, ONE I HAVE OBTAINED AN
22  AFFIDAVIT FROM, THE OTHER IS UNKNOWN TO ME AT THIS TIME
23  (BUT CAN BE NAMED THROUGH DISCOVERY) WHEN THE
24  DEFENDANTS PLACED ME IN THE CAGE I ASKED FOR THE
25  MTA AND TOLD THEM I COULDNT FEEL MY ARM'S THESE
26  DEFENDANTS JUST WALKED OUT. DENYING ME MEDICAL
27  TREATMENT. THE TWO INMATES BEGAN BANGING ON THE
28  CAGES TO GET THE MTA, AND HANDCUFFS REMOVED.

SECOND AMENDED COMPLAINT
HENDERSON V. PETERSON et al
CO7 2838 SBA (PR)

THE DEFENDANTS CAME BACK AND TOOK ME TO ANOTHER PART OF THE INSTITUTION AND ONCE AGAIN I WAS HALF DRAGED HALF LIMPED FROM B YARD TO A YARD.

37). THE DEFENDANT J.T. PATCH FALSIFIED THE MEDICAL REPORT 7219 STATING THAT I HAD NO INJURIES THIS WAS DONE TO COVER UP THE ASSULT ON ME. HE VIOLATED MY RIGHTS TO MEDICAL TREATMENT. AND FALSIFICATION OF AN OFFICIAL MEDICAL REPORT TO JUSTIFY NOT GIVING ME MEDICAL TREATMENT IS A VIOLATION OF PENAL CODE SECTION 134. HE KNEW I HAD SERIOUS INJURIES HE WAS STANDING THERE WATCHING AS I WAS BEATEN BUT KEEP THAT OFF THE REPORT SO THE DEFENDANTS WOULD EXCAPE LIABILITY.

38). UPON BEING HALF DRAGED TO A YARD. THE DEFENDANT BULLOCK CONTINUED TO THREATEN ME. HE TOLD ME IF I LOOKED AT HIM "HE WOULD TAKE ME DOWN TO THE GROUND" I WAS SHAKING AND SNEEZING FROM THE COLD AIR AND FREZZING SHOWER WATER I WAS FORCED UNDER HE TOLD ME IF I DIDNT STOP "HE WOULD TAKE ME DOWN TO THE GROUND AND ASSURED ME I WOULDNT LIKE IT."

39) WHEN I ARRIVED TO A YARD A.TAYLOR PSYCH-TECH GAVE ME 4 ASPRINS AND DOWN PLAYED MY INJURIES BY STATING THAT I HAVE TO SMALL ABRAISIONS ON MY BACK.

40). THAT SAME NIGHT I ATTEMPTED TO NOTIFY THE DEL NORTE COUNTY SUPERIOR COURT BY SENDING THEM A LETTER IN FACT I COULDNT USE MY HANDS WELL AND I SIMPLY WROTE ON A PEACE OF PAPER "THEY TRYING TO KILL ME" I WAS TRYING TO ESTABLISH THAT IF I DID IN FACT DIE,

SECOND AMENDED COMPLAINT
HENDERSON V. PETERSON ET AL
C 07 2838 SBA (PR)

FROM MY WOUNDS, THAT IT WAS NO FAULT OF MY OWN. I
GAVE THE LETTER TO OFFICER CUSIAC SEALED AND SIGNED
BY HIM.

41). ON 8-17-06, MT.A. GUROSE, KNOWN TO ME AS,
VICK., WAS MAKING HIS MORNING ROUNDS HE SEEN ME AND
THE BAD SHAPE I WAS IN. AND ORDERED THAT I BE BROUGHT
OUT FOR FULL EVALUATION HE COMPLETED A 7219 MEDICAL
REPORT OF ALL MY INJURIES. AND THAT REPORT IS NOW
MISSING. HE PLACED ME ON THE EMERGENCY DOCTORS LINE
AND BANDAGED MY WOUNDS, HE ALSO HAD ME TO WRITE A
COMPLETE SYNOPSIS OF HOW I GOT MY INJURIES. IT TOOK ME
A WHILE TO WRITE IT BECAUSE OF THE NERVE DAMAG TO
MY HANDS AND THE PAIN I WAS IN. EVEN NOW I AM IN
EXTREME PAIN AS I WRITE THIS SECOND AMENDED COMPLAINT.
BECAUSE OF THE SERIOUSNESS OF MY INJURIES A VIDIO WAS
MADE AND AN INVESTIGATION INTO STAFF UNNECESSARY
USE OF EXCESSIVE FORCE WAS ORDERED.

42). ON 8-17-06 DEFENDANT D.A. CHRIST CONDUCTED
THE INVESTIGATION. I OBJECTED ON THE GROUNDS THAT HE
WAS INVOLVED IN THE ISSUE BEING INVESTIGATED HE WAS ON
SIGHT WATCHING AS I WAS BEATEN AND WAS THEREFORE
DISQUALIFIED. HOWEVER HE DID SO ANYWAY TO COVER UP HIS
COWORKERS ASSAULT ON ME AND FOUND IN FAVOR OF HIM-
SELF AND HIS CODEFENDANTS. SURELY THIS COURT SEES THE
INHERENT BIAS IN THIS DEFENDANT. HE PREDETERMINED THE
GUILT OR INNOCENCE BEFORE THE INVESTIGATION STARTED. (IT'S
LIKE THE FIRE MARSHAL INVESTIGATING AN ARSON FIRE CAUSED BY
HIS COWORKER IN WHICH HE HIMSELF WATCHED BURN.)

SECOND AMENDED COMPLAINT.
HENDERSON V. PETERSON et al
CO7 2838 SAA (PR)

43). I WAS GIVEN A <u>115</u> RULE VIOLATION REPORT FOR BATTERY ON A PEACE OFFICER BY THE DEFENDANT SPEAKER IT WAS ENTIRELY FALSE, BUT THE HEARING OFFICE FOUND ME GUILTY ANYWAY. THIS WAS A CONTINUING EFFORT BY THESE DEFENDANTS TO RETALIATE AGAINST ME FOR THE EXERCISE OF MY FIRST AND EIGHTH AMENDMENT RIGHT.

44). ON 8-18-06 I WAS SEEN BY DOCTOR JAIN, M.D. I WAS PLACED ON DRESSING CHANGE FOR THE WOUNDS I SUSTAINED ON MY BACK AND LEFT WRIST. X-RAYS REVIELED A DAMAGED BONE IN MY RIGHT HAND AND I HAVE NERVE DAMAGE SO EXTENSIVE THE DOCTOR ORDERED THAT TO PAIR OF HANDCUFFS BE USED WHEN I AM HANDCUFFED IN THIS ILLUSTRATION " 〇〇 " I AM ALSO RE-QUIRED TO WERE WRIST SPLINTS.

45). ON 8-22-06 THE DEFENDANT SPEAKER CAME TO MY CELL A2-12B TO HARASS ME. CALLING ME A DRUG ADDICT SAYING I MUST OF SMOKED CRACK WHEN I WAS YOUNG BUT I NEVER SMOKED CRACKED IN MY LIFE.

46). ON 8-23-06 I REQUESTED A CDC 119 QUERY WHICH IS A COMPUTER TRACKING OF ALL INDIVIDUAL INMATES OUTGOING AND INCOMING LEGAL MAIL TO AND FROM THE COURTS. IT SHOWED THAT THE LEGAL MAIL I SENT TO THE DEL NORT SUPERIOR COURT BY GIVING IT TO C/O COSIAC NEVER WENT OUT TO THE COURT. THE MAIL ROOM PERSONEL ALSO INFORMED ME THAT " YOU HAVE NO RECORD OF ANY COURTS, BOC. WARDEN CERTIFIED GOING OUT "

47). I WAS AGAIN SUBJECTED TO HARASSMENT BY THE DEFENDANT SPEAKER ON 8-25-06, 8-26-06 AND 8-29-06.

-19-

48). ON 8-31-06 I WAS HARASSED BY THE DEFENDANT J. PETERSON, WHO CAME TO MY CELL A2-128 WITH A PROPERTY INVENTORY SLIP, AND TOLD ME I HAD TO MAIL SOME PROPERTY HOME. I TOLD HIM TO SEND MY PROPERTY TO THE ASU PROPERTY OFFICER C/O TURNER AND I WILL DEAL WITH HIM HE STATED NO AND THAT HE HAD A BOX AND TRUST WITHDRAWAL FORM READY FOR ME TO SIGN. WHEN I ASKED HIM TO GET AWAY FROM MY DOOR HE BECAME AGITATED AND MENTION THE FACT THAT I FILED A FORMAL COMPLAINT AGAINST HIM AND SAID THAT

"YOU KNOW WHATS GOING TO
HAPPEN YOU KNOW HOW IT GOES?"

I TOOK THIS AS A THREAT AGAINST MY PERSON AND MORE RETALIATION. SO I TURNED OFF MY CELL LIGHT AND TOLD HIM TO GET THE FUCK AWAY FROM ME.

49). ON 9-14-06 THE DEFENDANT J. MCBRIDE CAME TO MY CELL A2-128 AND ASKED ME IF I WAS ALRIGHT. I TOLD HIM THAT I WAS DISAPOINTED IN HIM BECAUSE HE COULD HAVE STOPED THEM FROM BEATING ME. HE SAID,

"WHAT COULD I DO A SERGENT
(TOMPSON) LIEUTANANT (CHRIST)
AND A CAPTAIN (KELLY) WAS
RIGHT THERE"

I TOLD HIM WHAT HAPPEND ABOUT ME GETTING MY ADDRESS BOOK AND BEING BEATTEN FOR IT. HE SAID,

"YEAH I KNOW THATS WHAT THEY TOLD
US. WE GOT CALLED IN AND CHEWED
OUT"

SECOND AMENDED COMPLAINT
HENDERSON V. PETERSON et al.
C07 2838 SBA (PR)

1  I ASKED HIM WHY HE DIDNT TAKE PHOTOS OF MY INJURIES

2  HE SAID HE WAS TOLD THAT I DIDNT HAVE ANY INJURIES.

3       50). ON 11-22-06 I WENT BEFORE THE INSTITU-

4  TION CLASSIFICATION COMMITTEE WHOS MEMBERS CONSISTED

5  OF THE DEFENDANT M.COOK, J.AKIN, J.MOULTON PHD,

6  AND K.CRUSE. I ENFORMED THE DEFENDANTS THAT I

7  FILED A COMPLAINT AGAINST THERE CODEFENDANT FOR

8  FALSELY CHARGING ME AND RETALIATING. AND BECAUSE

9  THE DEFENDANT M.COOK IS THE CHIEF DISCIPLINARY

10  OFFICER I ASKED HIM IF HE-ET-LEAST READ THE REPORT

11  BEFORE HE SIGNED HIS NAME TO IT. HE BECAME VERY

12  ANGERY AND IN A LOUD CONTEMPTFUL VOICE SAID

13      "OH YOUR A SMART ASS, WE'LL

14      SEE HOW YOU LIKE IT WHEN WE

15      TRANSFER YOU TO PELICAN BAY

16      SHU?"

17  I TOLD HIM THAT I WAS ONLY QUESTINING THE REPORT. AND

18  THAT I AM EXCLUDED FROM PBSP SHU DUE TO MY

19  MENTAIL ILLNESS. THE DEFENDANT AKIN STATED,

20      "YOU DISREPECTING THE MAN"

21  THE DEFENDEN COOK THEN STATED TO THE DEFENDANT

22  MOULTON

23      "MR. MOULTON, YOU CAN CLEAR HIM

24      FOR PELICAN BAY SHU CANT YOU"

25  THE DEFENDANT MOULTON STATED,

26      "YES I CAN DO THAT"

27  THE DEFENDANT CRUSE THEN STATED TO ME,

28      "SEE WHAT YOU DONE, GOT ANY ELSE SMART TO SAY"

SECOND AMENDED COMPLAINT
HENDERSON V. PETERSON et al
C07 2838 SBA (PR)

30). THESE DEFENDANTS USED FORCE MALICIOUSLY AND SADISTICALLY TO CAUSE HARM IN RETALIATION FOR THE EXERCISE OF MY FIRST AND EIGHT AMENDMENT RIGHTS. THESE WERE VENGEFUL ACTS OF A FRUSTRATED PRISON GAURDS DUE TO MY CONTINUED REFUSAL TO DOUBLE CELL AND INFORMING THESE DEFENDANTS THAT ILL FILE A COMPLAINT. THERE WAS NOT PENOLOGICAL JUSTIFICATION FOR THIS UNNECESSARY AND EXCESSIVE USE OF FORCE. AND IT AMOUNTED TO A VIOLATION OF MY EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT AND VIOLATED MY EQUAL PROTECTION TO THAT RIGHT, UNDER THE 14TH AMENDMENT OF THE US CONSTITUTION.

31). I THEN LOOKED AND SEEN THE DEFENDANT LIEUTENANT D.A CHRIST AND ASKED HIM, NO I PLEADED FOR HIM TO TAKE CHARGE OF THE SITUATION HE LOOKED RIGHT AT ME WE MADE EYE CONTACT AND HE WALKED RIGHT OUT THE DOOR AND ALLOWED THEM TO CONTINUE TO ASSAULT ME. THIS SUPPERVISOR JUST STOOD BY AND LET AN UNLAWFUL BEATING TO CONTINUE. EVENTHOUGH HE HAD THE OPPORTUNITY AND AUTHORITY TO STOP THE BEATING. THIS AMOUNTS TO DELIBERATE INDIFFERENCE IT WAS A SPEAKING SILENCE TO THE DEFENDANTS THAT THEY HAD HIS APPROVAL TO CONTINUE.

32). I THEN LOOKED AND SEEN WHOM I BELIEVED AT THAT TIME WAS "LIEUTENANT MCKINNEY." I LATER FOUND OUT THAT-THAT PERSON WAS CAPTAIN G. KELLY. I CALLED HIM LIEUTENANT MCKINNEY BECAUSE HE AND CAPTIN KELLY RESEMBLE EACH OTHER. I ALSO PLEADED WITH HIM TO TAKE CONTROL OF THE SITUATION.

SECOND AMENDED COMPLAINT
HENDERSON V PETERSON et al
C 07 2838 SBA (PR)

51). ON 11-22-06 I FILED A 602 APPEAL ON THESE DEFENDANTS. J MOULTON PHD TOLD ME ON 11-27-06 " YOUR PROBLEM IS WITH AW COOK NOT WITH ME."

52). I EXPLAINED TO THESE DEFENDANTS THAT I HAD BRAIN SURGERY AS A TEEN AND HAVE A METAL PLATE IN MY HEAD AND ON PSYCHIATRIC MEDICATION.

53). ON 1-24-07 I SEEN THE DEFENDANT MANDEL PHD. WHO DENIED MY APPEAL AND ALSO TOLD ME THAT THE DEFENDANT COOK WAS IN CHARGE OF CUSTODY AND "WHERE HE WANTS YOU IS WHERE YOU'LL BE."

54). ON 2-14-07 MY APPEAL WAS AGAIN DENIED AND THIRD LEVEL DENIED IT ON 6-8-07.

55). THE DEFENDANT COOK, MINIPULATED MY CRITIRIA AS CCCMS EXCLUSION FROM PBSP SHU IN RETALIATION FOR THE EXERCISE OF MY FIRST AMENDMENT RIGHT.

56). WHILE AWAITING THE THIRD LEVEL RESPONSE. THE DEFENDANTS ACTIONS OF APPROVING ME FOR PBSP SHU AS RETALIATION CAUSED MY MEDICATION TO BE STOPED. I THEN WENT INTO A DEEP DEPRESSION FROM DEALING WITH THE RETALIATION FROM THESE DEFENDANTS ADDED WITH THE DEATH OF MY MOTHER ON 9-28-05. AND THE DEATH OF MY BROTHER ON MAY 17. 2006.

57). ON OR ABOUT MARCH 1. 2007 I WAS TRANS-FERED TO PELICAN BAY SHU. AFTER ATTEMPTING SUICIDE I WAS TRANSFERED TO PBSP INFIRMARY FOR SUICIDE PRVENTION PROGRAM.

SECOND AMENDED COMPLAINT
HENDERSON V. PETERSON et al
C 07 2838 SBA (PR)

1 AND WHEN I WAS ONCE AGAIN BACK ON MEDICATION AND
2 STABLE I WAS SENT BACK TO PBSP SHU.

3      58). ON APRIL 12, 2007, I NOTIFIED THE UNITED
4 STATES DISTRICT JUDGE THELTON HENDERSON AND THE
5 SPECIAL MASTER JOHN HAGAR ABOUT THE RETALIATION
6 AGAINST ME AND THAT THE DEFENDANTS VIOLATING THE
7 COURT ORDERS IN THE MADRID V. TILTON, C-90-3094 T.E.H.

8      59). I ALSO WROTE STEVEN FAMA FROM THE PRISON
9 LAW OFFICE WHO RESPONDED ON 4-20-07 INFORMING ME
10 THAT I WAS A MEMBER IN THE CLASS ACTION OF MADRID.
11 AND THAT HE CONTACTED THE ATTORNEY GENERAL ABOUT MY
12 CASE FACTOR'S.

13      60) ON 4-25-07 I WAS OUT OF MY CELL C11-108
14 FOR AN INTERVIEW WITH MR. DOUGLAS WHO IS A LICENSE CASE
15 SOCIAL WORKER (LCSW). I THEN SEEN C/O CUSIAC. THE OFFICER
16 WHO FAILED TO SEND OUT MY LEGAL MAIL OUT ON 8-16-06. I
17 ASKED HIM WHY HE DID NOT SEND OUT MY LEGAL MAIL, AND
18 I INFORMED HIM OF THE COMPUTER 119-QUERY PROCEEDURE
19 IN THE MAIL ROOM. WHICH IS A TRACKING PROCESS OF ALL
20 INCOMING AND OUTGOING LEGAL MAIL OF INDIVIDUAL INMATES
21 HE THEN TOLD ME IN FRONT OF MR. DOUGLAS, THAT AFTER
22 TAKING MY LEGAL MAIL "HE TOOK IT TO THE DEFENDANT SER-
23 GENT WRIGHT WHO THEN BROKE THE SEAL OPENED IT AND
24 READ ITS CONTENTS AND THEN THREW MY LEGAL MAIL AWAY"
25 I COULDNT BELIEVE HE WAS ACTUALLY TELLING ME THE TRUTH
26 I SAID TO MR. DOUGLAS "DO YOU HEAR THIS" HE SAID YEAH
27 I TOLD MR DOUGLAS TO WRITE IT DOWN IN HIS NOTE BOOK
28 BECAUSE I MAY BE CALLING HIM AS A WITNESS,

SECOND AMENDED COMPLAINT
HENDERSON V PETERSON ET.AL
C 07 2838 SBA (PR)

THE DEFENDANT PETERSON THEN PULLED OUT HIS O.C. PEPPER SPRAY AND SPRAYED A LONG BURST OF ABOUT 7 TO 9 SECONDS I THEN LAID DOWN ON THE GROUND IN HOPES THAT THEY WOULD STOP THERE ASSAULTIVE BEHAVIOR. THE DEFENDANT PETERSON THEN JUMPED DOWN ON MY BACK WITH ALL OF HIS BODY WEIGHT AND THE DEFNDANT SPEAKER DID THE SAME TO MY LEGS THEY DELIBERATLY PLACED THE HANDCUFFS ON WRONG AND SO TIGHT THAT I LOST CIRCULATION IN MY LEFT ARM AND THE HAND CUFFS CUT DEEP INTO MY SKIN.

29). AT NO TIME DID I HIT, KICK, SWING, OR PUNCH THESE DEFENDANTS. THE ONLY TIME I ATTEMPTED TO DEFEND MYSELF WAS WHEN I PUT MY HANDS IN FRONT OF MY FACE TO PREVENT FROM BEING SPRAYED. AND AT THAT TIME I WAS AT LEAST 5 TO 7 FEET AWAY FROM THESE DEFENTANTS. THE DEFENDANT SPEAKER THEN TOLD THE DEFENDANT M.D. BULLOCK TO HOLD ME DOWN WHILE HE WENT TO WASH OFF SOME O.C. SPRAY THAT GOT ON HIM. EVENTHOUGH I WAS NOT RESISTING AND THERE WAS NO NEED TO HOLD ME DOWN THE DEFENDANT M.D. BULLOCK THEN JUMPED DOWN ON MY BACK, GRABBED MY HEAD AND VIOLENTLY WRENCHING IT TO THE LEFT SLAMMING THE RIGHT SIDE OF MY FACE TO THE CONCRETE FLOOR AND THEN PUNCHED ME IN THE LEFT SIDE OF MY JAW, AND PLACED AN ENORMOUS AMOUNT OF PRESSURE ON MY HEAD. I COULD NOT EVEN DEFEND MYSELF IF I WANTED TO, I WAS IN HANDCUFFS APPLIED IN SUCH A WAY THAT COMPLETLY STOPED THE BLOOD FLOW TO MY HANDS AND I WAS IN LEG IRONS.

SECOND AMENDED COMPLAINT
HENDERSON V. PETERSON et al
C 07 2838 SBA (PR)

TO THE FACT THAT THIS OFFICER ADMITTED THAT THE DEFENDANT SERGEANT WRIGHT OBSTRUCTED MY 1st AMENDMENT RIGHT TO CORRESPOND WITH THE COURTS, BY DESTROYING MY LEGAL MAIL IN RETALIATION FOR NOTIFYING THE COURTS AND TO KEEP THE PUBLIC AND HONORABLE JUDICIAL ADMINISTRATION FROM KNOWING THAT I WAS BEATTEN.

61). ON 5-3-07 I RECIEVED NOTICE FROM BEVERLY CORONADO, ASSISTENT TO THE SPECIAL MASTER JOHN HAGAR IN THE MADRID CASE Id INFORMING ME THAT, THE HONORABLE THELTON E. HENDERSON, AND SPECIAL MASTER WAS IN RECIEPT OF MY CORRESPONDENCE CONCERNING MY MENTAL HEALTH. AND THAT THE ISSUE MUST NOW BE REVIEWED BY THE PRISON LAW OFFICE. WHICH WAS ALREADY IN PROCESS.

62). SOON THEREAFTER THE DEPUTY ATTORNEY GENERAL MIKE JORGENSON, ORDERED AN IMMEDIATE REVIEW OF MY MENTAL HEALTH. IT WAS DETERMAINED THAT MY SHU PLACEMENT WAS NOT CONSISTENT WITH COURT ORDERS THAT REQUIRE PBSP TO USE AND COMPLY WITH HEALTH CARE POLICIES AND PROCEDURES SO THAT ADEQUATE CARE WAS PROVIDED. I WAS THEN IMMEDIATELY MOVE FROM SHU AND PLACED BACK IN CCCMS ADMINISTRATIVE SEGREGATION. AND ORDERED TO BE TRANSFERED TO CORCORAN STATE PRISON WHERE MY MENTAL HEALTH CONCERNS CAN BE ADEQUATLY ADDRESSED.

63). ON 5-22-07 I HAD TO UNDERGO MORE PAIN BY ELECTRO SHOCK. WHEN I WAS EXAMINED BY NEUROLOGY CONSULTANT LARRY J. MAUKONEN ELECTRICITY WAS THE ONLY WAY TO DETERMAIN THE EXTENT OF DAMAGE CAUSE TO MY NERVES IN MY WRISTS. HE RECOMENDED THAT I BE SEEN BY A SURGEON,

SECOND AMENDED COMPLAINT
HENDERSON V PETERSON et al
C 07 2838 SBA (PR)

1  TO CORRECT THE DAMAGE HIS FINDINGS ARE AS FOLLOWS:

2  " NERVE CONDUCTIVE STUDIES WERE CARRIED OUT.

3  THEY REVEAL BILATERAL ULNAR NEUROPATHIES AT

4  THE ELBOWS, RIGHT WORSE THAN LEFT, WITH MODERATE

5  SLOWING OF THE RIGHT ULNAR MOTOR CONDUCTION

6  VOLOCITY ACROSS THE ELBOW AT 34 M/S. AND MILD

7  SLOWING OF THE LEFT ULNAR MOTOR CONDUCTION

8  VOLOCITY ACROSS THE ELBOW AT 46 M/S. ALL OF HIS

9  DISTAL LATENCIES BOTH MOTOR AND SENSORY ARE

10  PROLONGED. THIS IS SLIGHTLY WORSE FOR THE ULNAR

11  SENSORY LATENCIES AT THE WRIST. LEAST AFFECTED

12  ARE THE RADIAL CENTRAL LATENCIES AT THE WRIST

13  MUCH OF THIS PROLONGATION CAN PROBABLY BE

14  ACCOUNTED FOR BY THE COOLNESS OF HIS HANDS,

15  ALTHOUGH IT IS POSSIBLE THAT HE HAS SOME EN-

16  TRAPMENT PARTICULARLY OF THE ULNAR NERVE AT

17  HIS WRIST IN VIEW OF THE DEGREE OF SWELLING

18  FOUND ON THESE STUDIES."

19      64). ON JULY 11, 2007, I WAS TRANSFERED TO

20  CORCORAN STATE PRISON.

21      65). BECAUSE OF THIS BRUTAL ASSAULT ON ME I

22  SUFFERED HEADACH'S FROM BEING HIT AT THE BASE OF MY

23  SKULL. MY JAW GETS LOCKED IN THE OPEN POSITION WHENEVER I

24  YAWN TO WIDE OR WHEN I BRUSH MY TEETH. FROM BEING

25  PUNCHED IN THE JAW. I HAD TROUBLE BREATHING FOR WEEKS

26  FROM BEING HIT ON THE BACK WHEN THE DEFENDANT PETERSON

27  DROVE HIS BATON INTO MY BACK LIKE A STAKE AND THEN

28  JUMPED DOWN ON MY BACK WHILE I LAID ON THE GROUND.

SECOND AMENDED COMPLAINT
HENDERSON V. PETERSON et al.
C 07 2838 SBA (PR)

1  MY WRIST GO NUMB AND I HAVE TO STOP WHATEVER IM DOING
2  TO WORK THE NUMBNESS AWAY. AND THE PAIN FROM MY
3  RIGHT WRIST UP TO MY ELBOW IS CONSTENT. MY BODY IS
4  LEFT WITH LASTING MARKS FROM THIS ASSAULT ON ME. MY
5  WRIST HAVE THE SCARS FROM THE HAND CUFF'S. BOTH MY
6  ACHILLES HEELS HAVE THE SCAR'S FROM THE LEG IRONS THAT
7  CUT INTO MY ACHILLES TENDON AND TWO SCARS REMAIN IN
8  THE SHAPE OF CIRCLES ON MY BACK. I WAS HUMILIATED
9  AND TREATED AS IF I HAD NO VALUE AT ALL AS A HUMAN
10 BEING. I WAS TORTURED PHYSICALLY AND MENTALLY.

## RELIEF

13 A. ISSUE AN INJUNCTION ORDERING THE DEFENDANS
14 THERE AGENTS TO:

15     1). IMMEDIATELY ARRANGE FOR THE PLAINTIFFS TO
16         BE SEEN BY A NEUROLOGY SURGEON TO HAVE
17         CORRECTIVE SURGERY.

18     2). IMMEDIATELY ARRANGE FOR THE PLAINTIFFS
19         NEED FOR PHYSICAL THERAPY OR OTHER FOLLOW
20         UP MEDICAL TREATMENT TO BE EVALUATED BY
21         A MEDICAL PRACTITIONER WITH EXPERTISE IN
22         TREATMENT AND RESTORATION OF FUNCTION OF
23         ULNAR NERVES.

24     3). CARRY OUT WITHOUT DELAY THE TREATMENT
25         DIRECTED BY SUCH MEDICAL PRACTITIONER.

26     4). EXPUNGE THE DISCIPLINARY CONVICTION DISCRIBED
27         IN THIS COMPLAINT.

SECOND AMENDED COMPLAINT
HENDERSON V. PETERSON et al.
C 07 2838 SBA (PR)

B. ISSUE A DECLATORY JUDGEMENT THAT;

   1). THE RETALIATION AGAINST THE PLAINTIFF
       WAS UNCONSTITUTIONALLY PROHIBITTED.

   2). DOUBLE CELLING IS NOT MANDATED BY
       THE U.S. CONSTITUTION. AND RETALIATING
       AGAINST THE PLAINTIFF FOR EXERCISING
       HIS CONSTITUTIONAL RIGHT UNDER THE
       EIGHTH AMENDMENT WHEN HE REFUSE
       TO DOUBLE CELL COMPONDED THE EIGHTH
       AMENDMENT VIOLATION.

   3). THE DOUBLE CELLING POLICY IS UNCONSTI-
       TUTIONAL AND UNINFORCEBLE. AND AN
       UNDERGROUND POLICY AS DEFINED IN
       TITLE 1. CALIFORNIA CODE OF REGULATIONS
       SECTION 250. AND APPLY THE JUDGEMENT
       RETROACTIVELY TO ALL INMATES SIMALARLY
       SITUATED WHO HAVE ALSO BECOME VICTIMS
       OF UNCONSTITUTIONAL RETALIATION FOR
       REFUSING TO DOUBLE CELL.

C. AWARD COMPENSATORY DAMAGES IN THE FOLLOWING
   AMOUNTS;

   1). $100,000 ONE HUNDRED THOUSAND DOLLARS
       JOINTLY AND SEVERALLY AGAINST DEFENDANTS
       J. PETERSON, C. SPEAKER AND M.D. BULLOCK
       FOR THE PHYSICAL AND EMOTIONAL INJURIES
       SUSTAINED AS A RESULT OF THE PLAINTIFF BEING
       BEATEN BY THESE DEFENDANTS. VIOLATING THE
       PLANTIFF'S CONSTITUTIONAL RIGHTS.

- 27 -

SECOND AMENDED COMPLAINT
HENDERSON V. PETERSON ET AL
C 07 2838  SBA (PR)

2). $50.000 FIFTY THOUSAND DOLLARS JOINTLY AND SEVERALLY AGAINST DEFENDANTS S.L. THOMPSON, J. McBRIDE, D.A. CHRIST AND G. KELLY. FOR THE PHYSICAL AND EMOTIONAL INJURIES RESULTING FROM THEIR FAILURE TO STOP THE BEATING.

3). $50.000 FIFTY THOUSAND DOLLARS AGAINST THE DEFENDANT J.T. PATCH FOR FAILURE TO PROVIDE MEDICAL TREATMENT.

4). $100000 ONE HUNDRED THOUSAND DOLLARS JOINTLY AND SEVERALLY AGAINST DEFENDANTS M. COOK, J. AKIN, J. MOULTON, K. CRUSE AND D. MANDEL. FOR VIOLATING THE PLAINTIFFS FIRST & EIGHTH AMENDMENT RIGHTS AND COURT ORDERS UNDER BOTH MADRID V. TILTON, C-890-3094-T.EH. COLEMAN V. SCHWARZENEGGER.

5). $100.000 ONE HUNDRED THOUSAND DOLLARS JOINTLY AND SEVERALLY AGAINST DEFENDANTS K. GETZ, J. BROWN, S. LUCKETT AND R. TUPY. FOR RETALIATING AGAINST THE PLAINTIFF FOR THE EXERCISE OF CONSTITUTIONAL RIGHTS.

6). $100.000 ONE HUNDRED THOUSAND DOLLARS AGAINST THE DEFENDANT WRIGHT FOR RETALIATING AGAINST THE PLAINTIFF FOR EXERCISE OF HIS CONSTITUTIONAL RIGHTS AND THROWING AWAY THE PLAINTIFFS LEGAL MAIL.

//

D. AWARD PUNITIVE DAMAGES AGAINST EACH DEFENDANT
LISTED HERE IN THE AMOUNT OF $50,000 FIFTY THOUSAND
DOLLARS; AGAINST: J. AKIN,
J. PETERSON, C. SPEAKER, M.D. BULLOCK, M. COOK
K. CRUSE, J. MOULTON, O. MANDEL AND S. WRIGHT.
$20,000 TWENTY THOUSAND DOLLARS AGAINST EACH
DEFENDANT LISTED HERE;
S.L. THOMPSON, J. McBRIDE, D.A. CHRIST, G. KELLY,
K. GETZ, J. BROWN, S. LUCKETT, R. TUPY.
$10,000 TEN THOUSAND DOLLARS AGAINST THE
DEFENDAT. J.T. PATCH.

E. AWARD NOMINAL DAMAGES AND OTHER SUCH
RELIEF AS IT MAY APPEAR THE PLAINTIFF IS
INTITLED TO AS DEEMED NECESSARY BY THE COURT.

THIS COMPLAINT IS THE SWORN AFFIDAVIT
OF THE PLAINTIFF CURTIS LEE HENDERSON SR. DECLARED UNDER
PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF
CALIFORNIA THAT THE FORGOING IS TRUE AND CORRECT AND
THOSE MATTERS STATED ON GOOD FAITH AND BELIEF TO BE
TRUE AND CORRECT AS WELL. AND IF CALLED TO TESTIFY ON
THE MATTERS STATED HEREIN I WILL DO SO.

2-22-08
DATED

CURTIS LEE HENDERSON SR

//
//

SECON AMENDED COMPLAINT
HENDERSON V. PETERSON et al.
C 07 2838 SBA (PR)

## PROOF OF SERVICE

I CURTIS LEE HENDERSON SR, DECLARE THAT I AM THE PLAINTIFF IN THE ABOVE ENTITLED CASE MY ADDRESS IS P.D. BOX 3481 CORCORAN CALIFORNIA 93212 AND I SERVED THE DOCUMENT LISTED HERE SECOND AMENDED COMPLAINT ON THE FOLLOWING,

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIF
1301 CLAY STREET 400 S. TOWER
OAKLAND CALIF 94612-5212

BY PLACING SAID DOCUMENT IN A SEALED ENVELOPE WITH POSTAGE PREPAID.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FORGOING IS TRUE AND CORRECT.

2-25-08
DATED

CURTIS LEE HENDERSON SR

//
//

//

//

- 30 -

SECOND AMENDED COMPLAINT
HENDERSON V. PETERSON et al
C.07 2838 SBA (PR)