IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR.,<br><br>   Plaintiff,<br><br>  v.<br><br>J. PETERSEN, et al.,<br><br>   Defendants. | No. C 07-2838 SBA (PR)<br><br>**ORDER PARTIALLY GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; ADDRESSING REMAINING PENDING MOTIONS; AND SETTING BRIEFING SCHEDULE**<br><br>(Docket nos. 20, 22, 26, 36, 47, 50, 51, 52, 57, 65, 67, 71) |

## INTRODUCTION

Plaintiff Curtis Lee Henderson, Sr., a state prisoner currently incarcerated at Kern Valley State Prison in Delano, California (Delano), filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, alleging deprivations of his constitutional rights by prison officials at Pelican Bay State Prison (PBSP). He has since filed a second amended complaint.

Finding the second amended complaint, when liberally construed, stated some cognizable claims, the Court ordered service of the complaint on Defendants in an Order dated September 30, 2008. Defendants J. Petersen, G. Kelley, L. Thompson, C. Speaker, J. McBride, J. Brown, M. Cook, J. Patch, K. Cruse and D. Christ filed a motion to dismiss the complaint for failure to comply with the Federal Rules of Civil of Procedure 18(a) and 20(a). Plaintiff filed an opposition to the motion, and Defendants filed a reply.

For the reasons discussed below, the Court PARTIALLY GRANTS Defendants' motion to dismiss Plaintiff's Second Amended Complaint. The Court also addresses various pending motions filed in this action by the parties.

## DISCUSSION

**I.    Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint**

Plaintiff's second amended complaint raised multiple claims for relief against numerous Defendants from whom he seeks both injunctive relief and monetary damages. After an initial screening, the Court's found four cognizable claims against Defendants for: (1) the use of excessive

force in violation of the Eighth Amendment; (2) deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment; (3) deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment; and (4) retaliation based on placing Plaintiff in a "holding cell" after he refused to double cell.  (Sept. 30, 2008 Order at 13.)  In addition, the Court allowed Plaintiff thirty days to file an amended First Amendment claim of mail interference as well as amended retaliation claims against various Defendants based on their actions after Plaintiff informed them that he filed complaints.[1]  (Id.)

The Court referred the parties to Magistrate Judge Nandor Vadas for Court-mandated settlement proceedings, which were held on March 10, 2009.  The case did not settle.

Defendants assert that Plaintiff's second amended complaint should be dismissed for failure to comply with the Federal Rules of Civil Procedure because: (1) the complaint violates Rule (18)(a) by asserting unrelated claims against different Defendants; and (2) the complaint violates Rule 20(a) because Plaintiff has failed to allege that Defendants participated in the same transaction or series of transactions or to allege that there is a question of fact that is common to all Defendants.  (Mot. to Dismiss at 1.)

Plaintiff's claims arise from different events that occurred at PBSP during 2006.  In his first claim, Plaintiff alleges Defendants Petersen, Speaker and Bullock used excessive force against him on August 16, 2006.  During the assault, Plaintiff alleges Defendants McBride, Christ and Kelley failed to intervene and prevent any further abuse.  In his second claim, Plaintiff alleges that Defendants Petersen, Speaker, Bullock, McBride, Christ, Kelley and Patch acted with deliberate indifference to his serious medical needs after the incident of excessive force on August 16, 2006.  Plaintiff's third claim is based on deliberate indifference to his safety needs stemming from the actions of Defendants Cook, Cruse, Thompson and Brown for allegedly ordering him to double cell

---

[1] In his Amendment to the Complaint filed on October 27, 2008, Plaintiff has withdrawn his First Amendment claim for mail interference against Defendant Wright.  He has also filed amended retaliation claims against Defendants Getz, Luckett, Brown, Tupy, Akin, Moulton, Cook and Cruse, based on their actions after Plaintiff informed them that he filed complaints.  Because the Court is dismissing his retaliation claims below, it need not screen Plaintiff's amendment to the complaint to determine if Plaintiff has stated a cognizable retaliation claim against these Defendants.

2

with other inmates in May and July of 2006 and subjecting him to a substantial risk of serious harm. In Plaintiff's fourth claim, he alleges that Defendants Cook's and Cruse's actions in May, 2006 of placing him in a "holding cell" was in retaliation for his refusal to double cell with inmate Jackson. He also alleges that other Defendants retaliated against him for filing complaints.

A plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants). Further, parties may be joined as defendants only if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way -- that is, if there was not "similarity in the factual background." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. Id. The court, on its own initiative, may dismiss misjoined parties from an action, and any claim against a misjoined party may be severed and proceeded with separately. Fed. R. Civ. P. 21.

Here, Plaintiff's allegations involve separate and distinct events from which Plaintiff raises unrelated claims against different Defendants. For example, Plaintiff's claims of excessive force and deliberate indifference to his serious medical needs stemming from the August 16, 2006 incident are not related to Plaintiff's deliberate indifferent to safety claim or his retaliation claims. Accordingly, the Court finds that the complaint violates Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure because the claims against the named Defendants do not arise "out of the same transaction, occurrence or series of transactions or occurrences" nor are there "any questions of law or fact common to all defendants" to permit this action to proceed based on all the claims raised

1  therein. Plaintiff will only be permitted to proceed with his claims of excessive force and deliberate

2  indifference to his serious medical needs stemming from the August 16, 2006 incident. His claims

3  of retaliation and deliberate indifference to his safety needs are DISMISSED without prejudice from

4  this action.

## II.  Motions Related to Discovery

Before the Court are Defendants' Motion to Stay Discovery Pending Ruling on Motion to Dismiss and various discovery motions filed by Plaintiff. Because the Court has ruled on Defendants' motion to dismiss, their Motion to Stay Discovery Pending Ruling on Motion to Dismiss (docket no. 71) is DENIED.

Plaintiff has filed motions to compel discovery, for sanctions and to issue a subpoena duces tecum (docket nos. 65, 67). According to Plaintiff, Defendants' answers to his discovery requests have been non-responsive and inadequate. Only when the parties have a discovery dispute that they cannot resolve among themselves should they ask the Court to intervene in the discovery process. It is not the Court's role to micromanage all discovery and therefore generally limits judicial intervention to concrete, specific disagreements. To promote this goal of addressing only very specific disagreements, federal and local discovery rules require the parties to meet and confer in an attempt to resolve their disagreements prior to seeking court intervention. See Fed. R. Civ. P. 37(a)(2)(B); N.D. Cal. Local Rule 37-1. Because Plaintiff is incarcerated, he is not required to meet and confer with Defendants *in person*. Rather, if his discovery requests are denied and he intends to seek a motion to compel he need only send a letter to Defendants to that effect, offering them one last opportunity to provide him the sought-after information.

Here, Plaintiff did not provide Defendants with one last opportunity to address each request upon which he now asks the Court to rule. Moreover, it may be that Plaintiff will obtain some sought-after discovery if Defendants file a motion for summary judgment and accompanying exhibits, with which Defendants shall also serve Plaintiff. For these reasons, Plaintiff's motions to compel discovery, for sanctions and to issue a subpoena duces tecum (docket nos. 65, 67) are DENIED as premature.

### III. Plaintiff's Pending Motions

#### A. "Motion for Reconsideration of Temporary Restraining Order"

In its September 30, 2008 Order, the Court denied as moot Plaintiff's request for a temporary restraining order (TRO), as follows:

> A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant certifies in writing the efforts, if any, that have been made to give notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b). Neither is the case here.
>
> Furthermore, Plaintiff filed the pending motion for a TRO while he was incarcerated at Corcoran. Plaintiff states that prison officials at Corcoran have "threatened to confiscate [his] personal property." (Mot. for TRO at 1.) He alleges that they "claim this act to be in response to Plaintiff's refusal to double cell . . . however the Plaintiff knows this is nothing more than retaliation for filing action's [sic] against prison officials." (Id. at 2.) He further alleges that he was informed by Corcoran Correctional Officer Gonsalez, who is "in active concert with the Defendants," that Officer Gonsalez was "instructed by his superiors in Sacramento to confiscate [Plaintiff's] property." (Pl.'s Certified Aff. at 1.) Therefore, Plaintiff requests the Court "issue a temporary restraining order preventing the Defendant's [sic] from confiscating the Plaintiff's property forthwith and that said order be a continuing one until the Court determines the issue as stated in the complaint." (Mot. for TRO at 4.) Because Corcoran is not in this judicial district, Plaintiff must present any claims regarding his conditions of confinement at that prison in the United States District Court for the Eastern District of California.
>
> Furthermore, the Court notes that since Plaintiff filed his motion for a TRO, he has informed the Court that he has been transferred to Delano. The transfer to a different prison is important because it makes much of his requested relief moot. Accordingly, Plaintiff's motion for a TRO (docket no. 10) is DENIED as moot.

(Sept. 30, 2008 Order at 11-12.)

In the present "Motion for Reconsideration of Temporary Restraining Order," Plaintiff requests that the Court "issue an [sic] TRO preventing [him] from being double celled with other inmates in order to protect [his] rights to be free from physical abuse, assaults or threats of death by other inmates." (Mot. for TRO at 4.) Because Delano is not in this judicial district, Plaintiff must present any claims regarding his conditions of confinement at that prison in the United States District Court for the Eastern District of California. Accordingly, Plaintiff's "Motion for Reconsideration of Temporary Restraining Order" (docket no. 20) is DENIED.

5

### B.   "Motion to Add a Party to the Complaint and Request for Issue of a Temporay [sic] Restraining Order"

Plaintiff seeks to add the California Department of Corrections and Rehabilitation (CDCR) as a party to the complaint for: (1) "gross negligence" in "failing to properly supervise, train and instruct its employee's [sic]" relating to (a) "subject[ing] inmates to a substantial risk of serious harm by double celling spicifically [sic] the Plaintiff" and (b) "the use of force in this case against the Plaintiff for no other purpose than to maliciously cause harm;" and (2) "gross negligence for tacitly authorizing a culture in which prisoners are exposed to an increased risk of physical and mentail [sic] abuse . . . ."  (Mot. to Add Party and Req. for TRO at 1-2.)

The Eleventh Amendment prevents the CDCR, which is a state agency, from being sued in federal court.  See Simmons v. Sacramento County Superior Court, 318 F.3d 1156,1161 (9th Cir. 2003) (Eleventh Amendment bars suit against state superior court and its employees); Bennett v. California, 406 F.2d 36, 39 (9th Cir. 1969) (California Adult Authority and CDCR not persons within meaning of Civil Rights Act).  Accordingly, Plaintiff's request to add the CDCR as a party is DENIED.

Plaintiff again requests a TRO upon alleging that prison officials at Delano are "placing [him] in administrative segregation, confiscated [his] property and issued [him] a rule violation report."  (Mot. to Add Party and Req. for TRO at 5.)  As mentioned above, Plaintiff must present any claims regarding his conditions of confinement at Delano in the United States District Court for the Eastern District of California.  Therefore, his request for a TRO is DENIED.

Accordingly, Plaintiff's "Motion to Add a Party to the Complaint and Request for Issue of a Temporay [sic] Restraining Order" (docket no. 22) is DENIED.

### C.   "Request for Writ of Mandamus to Releas [sic] Property"

In Plaintiff's November 17, 2008 motion entitled "Request for Writ of Mandamus to Releas [sic] Property" (docket no. 26), he requests another TRO because prison officials at Delano have "again placed [him] in administrative segregation for refusal to cell with [his] own race."  (Pl.'s Nov. 17, 2008 Mot. at 1.)  He claims that prison officials at Delano are "withholding [his] property" and

"denying [him] access to the law library and legal materials." (Id. at 1-2.) The Court will construe this motion as yet another request for a TRO. For the same reasons stated above, Plaintiff's request for a TRO is denied without prejudice to presenting any claims regarding his conditions of confinement at Delano in the United States District Court for the Eastern District of California. Accordingly, Plaintiff's "Request for Writ of Mandamus to Releas [sic] Property" (docket no. 26) is DENIED.

### D. Motion for Sanctions

Plaintiff has filed a motion for sanctions against Defendants arguing that their motion to dismiss is not brought in good faith and is brought to harass Plaintiff. (Mot. for Sanctions at 1.) The Court finds that Plaintiff's motion is without merit; therefore, his motion for sanctions (docket no. 47) is DENIED.

### E. Motions for Default Judgment and Motion to Strike Answer to Second Amended Complaint

Plaintiff has filed motions for default judgment against Defendants Brown, Speaker and McBride (docket nos. 50, 51, 52). Federal Rule of Civil Procedure 55(b) contemplates that a default judgment may be sought after default has been entered against a defendant. See also New York Life Ins. Co. v. Brown, 84 F.3d 137 (5th Cir. 1996) ("After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment."). Plaintiff's motions for default judgment are premature because default had not been entered against Defendants Brown, Speaker and McBride. Furthermore, these Defendants were not in default at the time Plaintiff's motions were filed as they appeared in the action by filing the aforementioned motion to dismiss. Defendants Brown, Speaker and McBride have also since filed an answer to the Second Amended Complaint. In response, Plaintiff has filed a motion to strike Defendants' answer to the Second Amended Complaint as untimely because it was filed "6 months after the Courts September 30, 2008 Order of Service." (Mot. to Strike at 1.) However, the Court finds no merit to Plaintiff's motion to strike because Defendants initially filed a responsive pleading -- their motion to dismiss Plaintiff's Second Amended Complaint -- prior to filing their answer.

Accordingly, the Court DENIES Plaintiff's motions for default judgment against Defendants Brown, Speaker and McBride (docket nos. 50, 51, 52) as well as his motion to strike Defendants' answer to the Second Amended Complaint (docket no. 57).

## **CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Defendants' motion to dismiss Plaintiff's Second Amended Complaint (docket no. 36) is PARTIALLY GRANTED. Plaintiff's claims of retaliation and deliberate indifference to his safety needs are DISMISSED without prejudice to refiling those claims in a separate action and paying the requisite filing fee. Accordingly, Defendants Cook, Cruse, Thompson, Brown, Getz, Luckett, Tupy, Akin and Moulton are DISMISSED from this action as all claims against them have been dismissed.

2. Plaintiff has withdrawn his First Amendment claim against Defendant Wright; therefore, Defendant Wright is DISMISSED from this action.

3. Defendants Petersen, Speaker, Bullock, McBride, Christ, Kelley and Patch shall file a motion for summary judgment or other dispositive motion with respect to Plaintiff's claims of excessive force and deliberate indifference to serious medical needs. Briefing shall proceed according to the schedule outlined below.

Defendants' attorney is also requested to file a notice on the status of representation, if known, with respect to the remaining Defendant who did not file a joinder to the motion to dismiss: Defendant M. D. Bullock to whom a summons was issued on October 2, 2008.

4. Defendants' Motion to Stay Discovery Pending Ruling on Motion to Dismiss (docket no. 71) is DENIED. Plaintiff's motions to compel discovery, for sanctions and to issue a subpoena duces tecum (docket nos. 65, 67) are DENIED as premature. In the interests of justice, the Court sets a discovery cut-off date of **thirty (30) days** from the date Plaintiff is served with Defendants' dispositive motion. If Plaintiff attempts to meet and confer with Defendants regarding requests for the production of documents and is not satisfied with the result he may file renewed discovery motions. In no event shall Plaintiff file such a motion until after he has reviewed Defendants' dispositive motion.

8

5. Plaintiff's motion for sanctions (docket no. 47) is DENIED.

6. Plaintiff's "Motion for Reconsideration of Temporary Restraining Order" (docket no. 20), his "Motion to Add a Party to the Complaint and Request for Issue of a Temporay [sic] Restraining Order" (docket no. 22), and his "Request for Writ of Mandamus to Releas [sic] Property" (docket no. 26), which has been construed as another request for a TRO, are DENIED. Plaintiff must present any claims regarding his conditions of confinement at Delano in the United States District Court for the Eastern District of California.

7. Plaintiff's motions for default judgment against Defendants Brown, Speaker and McBride (docket nos. 50, 51, 52) as well as his motion to strike Defendants' answer to the Second Amended Complaint (docket no. 57) are DENIED.

8. The parties shall abide by the following briefing schedule:

    a. No late than **sixty (60) days** from the date of this Order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to Plaintiff's claims of excessive force and deliberate indifference to serious medical needs. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **forty-five (45) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will

9

> end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in Defendants' declarations, Defendants' version may be taken as true and the case may be decided in Defendants' favor without a trial. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

        c.      If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

        d.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

      9.      Extensions of time are not favored, though reasonable extensions will be granted. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no

later than **fifteen (15) days** prior to the deadline sought to be extended.

      10.    This Order terminates Docket nos. 20, 22, 26, 36, 47, 50, 51, 52, 57, 65, 67 and 71.

IT IS SO ORDERED.

DATED: September 30, 2009

                                        SAUNDRA BROWN ARMSTRONG
                                        United States District Judge

P:\PRO-SE\SBA\CR.07\Henderson2838.grantMTD&penMOTS.frm

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CURTIS LEE HENDERSON SR,

        Plaintiff,

  v.

CALIFORNIA DEPARTMENT OF
CORRECTION et al,

        Defendant.
                                    /

Case Number: CV07-02838 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 15, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Curtis Lee Henderson H-43488
California State Prison - Delano
P.O. Box 5102
Delano, CA 93216

Dated: October 15, 2009

                                  Richard W. Wieking, Clerk
                                  By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Henderson2838.grantMTD&penMOTS.frm