IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS LEE HENDERSON, SR., | ) | No. C 07-2838 SBA (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S RULE 56(f)** |
| | ) | **MOTION; DENYING HIS RENEWED MOTION** |
| v. | ) | **TO COMPEL DISCOVERY; DENYING HIS** |
| | ) | **MOTION FOR APPOINTMENT OF COUNSEL;** |
| | ) | **GRANTING HIM EXTENSION OF TIME TO** |
| J. PETERSEN, et al., | ) | **FILE OPPOSITION; AND DIRECTING** |
| | ) | **DEFENDANTS TO PROVIDE PLAINTIFF AND** |
| Defendants. | ) | **THE COURT ACCESS TO VIDEO AND AUDIO** |
| | ) | **TAPES** |
| | ) | |
| _____ | ) | (Docket nos. 96, 97, 98, 100) |

Plaintiff Curtis Lee Henderson, Sr., a state prisoner currently incarcerated at California State Prison - Delano, filed this civil rights action under 42 U.S.C. § 1983 against prison officials at Pelican Bay State Prison for injuries incurred in 2006. On February 28, 2008, Plaintiff filed a second amended complaint (SAC). In an Order dated September 30, 2008, the Court found certain claims in Plaintiff's SAC cognizable and issued its Order of Service.

On January 14, 2009, Defendants filed a motion to dismiss on the grounds that Plaintiff's SAC did not comply with the Federal Rules of Civil Procedure. Specifically, Defendants argued that Plaintiff asserted unrelated claims against multiple Defendants in violation of Federal Rule of Civil Procedure 18(a). In an Order dated September 30, 2009, the Court granted in part and denied in part Defendants' motion to dismiss. The remaining claims in this case include: (1) an excessive force claim against Defendants Petersen, Speaker, Bullock, McBride, Christ and Kelley stemming from an incident on August 16, 2006; and (2) a claim of deliberate indifference to Plaintiff's serious medical needs against Defendants Petersen, Speaker, Bullock, McBride, Christ, Kelley and Patch resulting from the aforementioned excessive force incident.

On March 1, 2010, Defendants filed their motion for summary judgment on the grounds that there is no triable issue of material fact, that they are entitled to judgment as a matter of law, and that they are entitled to qualified immunity.

On March 15, 2010, Plaintiff filed a "Motion for Stay of Defendants [sic] Motion for Summary Judgment Pending Discovery and Depositions of Defendants Fed. R. Civ. P. 56(f)" (Rule

56(f) motion) and a renewed motion to compel discovery.  The Court construes these motions as requests under Federal Rule of Civil Procedure 56(f) for an extension of time to oppose summary judgment.  Also on March 15, 2010, Plaintiff filed a motion for appointment of counsel.

On April 1, 2010, Plaintiff filed a motion for an extension of time to file his opposition to Defendants' motion for summary judgment.

In an Order dated April 12, 2010, the Court directed Defendants to file an opposition to Plaintiff's Rule 56(f) motion and his renewed motion to compel discovery.

On April 26, 2010, Defendants filed their opposition.[1]

On May 17, 2010, Plaintiff filed a reply to Defendants' opposition.

Having read and considered the papers submitted by the parties, the Court hereby:

1.      DENIES Plaintiff's Rule 56(f) motion (docket no. 96);

2.      DENIES without prejudice Plaintiff's renewed motion to compel discovery (docket no. 98);

3.      DENIES Plaintiff's motion for voluntary assistance of counsel (docket no. 97);

4.      GRANTS Plaintiff's motion for extension of time to file his opposition (docket no. 100); and

5.      DIRECTS Defendants to provide Plaintiff and the Court with video and audio tapes relating to the August 16, 2006 incident as directed below.

## DISCUSSION

**I.      Plaintiff's Rule 56(f) Motion and Renewed Motion to Compel Discovery**

A Rule 56(f) motion requires the moving party to show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment

---

[1] In their opposition, Defendants also request a stay of discovery "until the question of qualified immunity is decided."  (Defs.' Opp'n at 5 [citing Crawford-El v. Briton, 523 U.S. 574, 598 (1998)].)  In the pending motion for summary judgment, Defendants do claim qualified immunity as an affirmative defense.  (Mot. Summ. J. at 18-20).  However, Defendants also claim that they are entitled to summary judgment as a matter of law because Plaintiff's Eighth Amendment rights were not violated.  Only if qualified immunity were the sole basis for their motion for summary judgment would the Court consider staying discovery pending resolution of the dispositive motion.  Therefore, Defendants' request to stay discovery pending resolution of the question of qualified immunity will not be considered.

United States District Court
For the Northern District of California

1   motion."  State of Cal., on Behalf of California Dept. of Toxic Substances Control v. Campbell, 138

2   F.3d 772, 779 (9th Cir. 1998).  A proper Rule 56(f) motion must contain more than a list of desired

3   documents; it must set forth the information sought and how it would preclude summary judgment by

4   creating a genuine issue of material fact.  See Hall v. Hawaii, 791 F.2d 759, 761 (9th Cir. 1986).

5          Here, Plaintiff claims that he "has not been provided the discovery he has requested from the

6   Defendants."  (Pl.'s Rule 56(f) Mot. at 2.)  Rule 56(f) provides a device for litigants to avoid

7   summary judgment when the non-movant needs to discover affirmative evidence necessary to oppose

8   the motion.  See Garrett v. San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987).  Rule 56(f) provides

9   that a court may deny a summary judgment motion to permit discovery if it appears that a party

10  cannot present facts essential to opposing the motion.  Fed. R. Civ. P. 56(f).  When a party moves for

11  summary judgment before the opposing party has had a "realistic opportunity to pursue discovery

12  relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely."

13  Burlington Northern & Santa Fe Ry. Co. v. The Assiniboine, 323 F.3d 767, 774 (9th Cir. 2003);

14  Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 846 (9th Cir. 2001) ("Although Rule 56(f) facially

15  gives judges the discretion to disallow discovery when the non-moving party cannot yet submit

16  evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than

17  merely permitting, discovery 'where the non-moving party has not had the opportunity to discover

18  information that is essential to its opposition.'") (citing Anderson v. Liberty Lobby, 477 U.S. 242,

19  250 n.5 (1986)); Berkeley v. Home Ins. Co., 68 F.3d 1409, 1414 (D.C. Cir. 1995) (noting "the usual

20  generous approach toward granting Rule 56(f) motions").  Denial of an application under Rule 56(f)

21  is especially inappropriate "where the material sought is also the subject of outstanding discovery

22  requests."  VISA Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986).

23  Rule 56(f) simply requires an affidavit which sets forth the information sought and how it would

24  preclude summary judgment by creating a genuine issue of material fact.  See Hall, 791 F.2d at 761

25  (9th Cir. 1986).

26         Plaintiff states that Defendants have failed to provide the following necessary documents,

27  despite his discovery requests:

           (1)     The California Department of Corrections and Rehabilitation Operations Manual;

3

(2)     Internal Affairs Division complaints against Defendants;

(3)     Defendants' personnel files;

(4)     Defendants' psychiatric/psychological files;

(5)     Defendants' informal files;

(6)     Identities of people who have filed complaints against Defendants;

(7)     Identities of people interviewed during internal investigations into complaints against Defendants;

(8)     Video interview with Plaintiff and other investigatory findings;

(9)     Defendants' disciplinary records relating to Plaintiff's Complaint;

(10)    Defendants' disciplinary records;

(11)    Defendants' criminal records or other behavioral issues;

(12)    Identities of inmates who may have witnessed the activities alleged in Plaintiff's Complaint;

(13)    Expert witness deposition transcripts from <u>Madrid v. Gomez</u>, 889 F. Supp 1146 (N.D. Cal. 1995); and

(14)    Plaintiff's deposition transcript.

(<u>Id.</u> at 6-23.)

**A.     <u>Analysis Under Rule 56(f)</u>**

In an Order dated September 30, 2009, the Court rejected as premature Plaintiff's previously-filed motion to compel. Plaintiff's motion claimed that Defendants' answers to his discovery requests had been non-responsive and inadequate. The Court responded:

> Only when the parties have a discovery dispute that they cannot resolve among themselves should they ask the Court to intervene in the discovery process. It is not the Court's role to micromanage all discovery and therefore generally limits judicial intervention to concrete, specific disagreements. To promote this goal of addressing only very specific disagreements, federal and local discovery rules require the parties to meet and confer in an attempt to resolve their disagreements prior to seeking court intervention. <u>See</u> Fed. R. Civ. P. 37(a)(2)(B); N.D. Cal. Local Rule 37-1. Because Plaintiff is incarcerated, he is not required to meet and confer with Defendants *in person*. Rather, if his discovery requests are denied and he intends to seek a motion to compel he need only send a letter to Defendants to that effect, offering them one last opportunity to provide him the sought-after information.

(Sept. 30, 2009 Order at 4.) The Court set a discovery cut-off date of thirty days from the date

4

1   Plaintiff was served with Defendants' dispositive motion.  (<u>Id.</u> at 8.)  The Court stated that if Plaintiff

2   was still not satisfied with the result after attempting to meet and confer with Defendants regarding

3   his discovery requests after Defendants filed their dispositive motion, then the Court would review

4   renewed discovery motions.  (<u>Id.</u>)  However, the Court further stated that "[i]n no event shall

5   Plaintiff file such a motion [to compel] until after he has reviewed Defendants' dispostive motion."

6   (<u>Id.</u>)

7          The record shows that, prior to Plaintiff filing his Rule 56(f) motion, he failed to provide

8   Defendants with one last opportunity to address each request upon which he now asks the Court to

9   rule.  Thus, he failed to satisfy the meet and confer requirement set out in its September 30, 2009

10  Order.  Plaintiff claims that he and Defendants' counsel conferred at his deposition on January 6,

11  2010.  (Pl.'s Reply at 2-3.)  Defendants' counsel maintains, however, that the parties did not meet and

12  confer regarding discovery on January 6.  Rather, Defendants' counsel states that he "explained to

13  Plaintiff that he should see what documents are submitted with Defendants' motion for summary

14  judgment and then if he still had discovery concerns he could write a letter to Defendants' counsel to

15  arrange a phone call with him."  (Defs.' Opp at 3.)  Defendants claim that Plaintiff filed his 56(f)

16  motion and renewed motion to compel discovery without conferring with their counsel.  (<u>Id.</u>)

17         Similarly, the Court finds that Plaintiff's discussion at his January 6, 2010 deposition did not

18  satisfy the meet and confer requirement.  The Court's September 30, 2009 Order specified that

19  Plaintiff must wait until he received Defendants' dispositive motion before attempting to meet and

20  confer and before filing renewed discovery motions.  (Sept. 30, 2009 Order at 8.)  Therefore, any

21  attempt to meet and confer on January 6, 2010 -- before Defendants' dispositive motion was filed --

22  was premature and insufficient.

23         On April 22, 2010, after the motion for summary judgment had been filed, Defendants'

24  counsel arranged a telephone call with Plaintiff to discuss his discovery concerns.  (Defs.' Opp'n at

25  3.)  The Court also finds that Plaintiff failed to use that opportunity as an attempt to meet and confer

26  with Defendants' counsel regarding his discovery requests.  (<u>Id.</u>)  Instead, Plaintiff informed

27  Defendants' counsel that it would "be in the intrest [sic] of both party's [sic] to allow the Court to

    decide the discovery dispute."  (Pl.'s Reply at 4.)  As stated above, the Court will only involve itself

1   in discovery disputes after both parties have made a good faith effort to resolve the issues

2   themselves.  Therefore, the Court finds that the April 22, 2010 telephone call did not satisfy

3   Plaintiff's meet and confer requirement.

4         Finally, Plaintiff maintains that he was not required to meet and confer with Defendants

5   because he is incarcerated.  (Id. at 2.)  Plaintiff appears to misunderstand the Court's September 30,

6   2009 Order.  Although it is true that Plaintiff need not meet and confer *in person* due to his

7   incarceration, he must send a letter to Defendants prior to filing a renewed motion to compel

8   discovery, giving Defendants one last opportunity to provide him with the sought-after information.

9   However, as mentioned above, the record shows that Plaintiff did not make a good faith attempt to

10   meet and confer.  Accordingly, his renewed motion to compel discovery should be denied.

11   However, the Court must also consider his discovery requests in light of his Rule 56(f) motion.

12         Even if Plaintiff had satisfied the meet and confer requirement in the Court's September 30,

13   2009 Order, the Court must still determine whether his Rule 56(f) motion meets the remaining

14   requirements of Rule 56(f).  "[T]he party seeking discovery bears the burden of showing what

15   specific facts it hopes to discover that will raise an issue of material fact."  Harris v. Duty Free

16   Shoppers Ltd. P'ship, 940 F.2d 1272, 1276 (9th Cir. 1991) (citing Continental Maritime v. Pacific

17   Coast Metal Trades, 817 F.2d 1391, 1395 (9th Cir. 1987)).  Plaintiff may not rely solely on vague

18   assertions that additional discovery will produce needed, but unspecified, facts.  Continental

19   Maritime, 817 F.2d at 1395 (citing Neely v. St. Paul Fire & Maine Ins. Co., 584 F.2d 341, 344 (9th

20   Cir. 1978)).

21         Here, in Requests (1), (2), (3), (8), (11) and (13), Plaintiff has attempted to meet the

22   requirements of Rule 56(f) by identifying specific facts he hopes to discover.  However, Plaintiff has

23   failed to do so with respect to Requests (4), (5), (6), (7), (9), (10), (12) and (14).  By listing requested

24   documents and information without explaining what specific, material facts these documents will

25   likely produce, Plaintiff does little more than present vague assertions that additional discovery will

26   produce necessary, but unspecified, facts.  Plaintiff has not stated what specific facts he hopes to

27   discover that will raise an issue of material fact.  Rather, he has simply put forward a list of desired

28   documents.  Therefore, Plaintiff's Rule 56(f) motion will be denied as to Requests (4), (5), (6), (7),

1    (9), (10), (12) and (14).

2        Assuming arguendo that Plaintiff had identified specific facts he hopes to discover in

3    Requests (1) through (14), the Court DENIES his Rule 56(f) motion as to each request, as explained

4    below:

5        **1.    Documents/Evidence Already Provided to Plaintiff - Requests (1), (8), (14)**

6        Although Plaintiff has not met the Court's requirement to meet and confer, Defendants have

7    provided Plaintiff with several documents since Plaintiff filed his motion to compel.  Defendants'

8    counsel sent Plaintiff a copy of his January 6, 2010 deposition transcript (Request (14)) and a copy

9    of the California Department of Corrections and Rehabilitation Operations Manual (Request (1)).

10   (Defs.' Opp. at 5.)  Plaintiff admits receiving the Operations Manual and does not dispute that he

11   received a copy of his deposition transcript.  (Pl.'s Reply at 5.)  Therefore, Plaintiff's Requests (1)

12   and (14) have been satisfied.

13       Request (8), the video-taped interview conducted by Defendant Christ on August 17, 2006,

14   has been partly satisfied because Defendants claim they have already provided the video tape to

15   Plaintiff.  (Defs.' Opp'n at 5.)  Defendants have also provided Plaintiff with an audio-taped interview

16   with one of the officers.  (Id.)  Plaintiff does not dispute receiving these items but claims that he has

17   not "seen nor heard either, and probably never will without a Court Order."  (Pl.'s Reply at 5.)  Thus,

18   there may be an issue with regard to Plaintiff's ability to actually review these materials while

19   incarcerated, notwithstanding his apparent possession of them.

20       Accordingly, within **ten (10) days** from the date of this Order, Defendants shall provide

21   Plaintiff with an opportunity to view the video tape and hear the audio tape.  Plaintiff shall cooperate

22   fully with Defendants.  Any failure to cooperate by Plaintiff will relieve Defendants of their

23   obligation to allow Plaintiff to access the tapes.  Defendants shall submit a confirming declaration to

24   the Court after Plaintiff has been allowed an opportunity to view the video tape and hear the audio

25   tape.  Defendants shall also provide the Court with a copy of each tape.

26       **2.    Documents Irrelevant to Plaintiff's Opposition - Requests (2)-(7); (9)-(13)**

27       In each of the following requests, Plaintiff appears to be seeking personnel disciplinary files

     for each Defendant:

United States District Court
For the Northern District of California

(2)     Internal Affairs Division complaints against Defendants;

(3)     Defendants' personnel files;

(4)     Defendants' psychiatric/psychological files;

(5)     Defendants' informal files;

(6)     Identities of people who have filed complaints against Defendants;

(7)     Identities of people interviewed during internal investigations into complaints against Defendants;

(9)     Defendants' disciplinary records relating to Plaintiff's Complaint;

(10)    Defendants' disciplinary records; and

(11)    Defendants' criminal records or other behavioral issues.

Portions of Defendants' personnel files may be relevant for purposes of trial.  Specifically, such evidence -- including excessive force and failure to intervene complaints against Defendants Petersen, Speaker, Bullock, McBride, Christ and Kelly; as well as deliberate indifference to medical needs complaints against Defendants Petersen, Speaker, Bullock, McBride, Christ, Kelley and Patch -- may be relevant to Plaintiff proving his case.[2]  However, the Court finds that such evidence is irrelevant to Plaintiff's opposition to Defendants' motion for summary judgment.  At summary judgment, Plaintiff's statements are taken in the light most favorable to him.  As such, any discovery concerning Defendants' personnel files would be futile in opposing Defendants' motion for summary judgment.  Furthermore, some portions of Defendants' personnel files are inadmissible, and a party cannot oppose a summary judgment motion with inadmissible evidence.  Fed. R. Civ. P. 56(e).

In addition, Plaintiff's Request (12), asking for the identities of inmates housed "in B-Yard, 5 Building on 8/16/06 in order for the plaintiff to locate inmates who witness [sic] the assault on the plaintiff," is relevant only for trial.  Again, this information is not relevant to Plaintiff's opposition to Defendants' motion for summary judgment because it is not necessary to create a triable issue of material fact.

---

[2] If Plaintiff survives summary judgment and seeks to file a valid motion to compel discovery of these documents, the Court will direct Defendants to produce copies of the relevant complaints from the last five years for in camera review.  The Court will then weigh the privilege asserted by Defendants against Plaintiff's interest in having access to the personnel disciplinary files.  See Kelly v. City of San Jose, 114 F.R.D. 653, 660 (N.D. Cal. 1987).

Additionally, Plaintiff is not entitled to Request (13), deposition transcripts of various expert witnesses in <u>Madrid v. Gomez</u>, 889 F. Supp 1146 (N.D. Cal. 1995). These documents are not relevant to Plaintiff's claim nor are they necessary in order for him to survive summary judgment. Furthermore, Plaintiff has not established that these documents are in Defendants' "possession, custody, or control." Fed. R. Civ. P. 34(a)(1).

**B.** **<u>Summary</u>**

Accordingly, Plaintiff's Rule 56(f) motion is DENIED. Even if the requested discovery had met the requirements of Rule 56(f), the record shows that certain discovery requests have already been provided to Plaintiff and the remaining requests are not relevant to Plaintiff's opposition to Defendants' motion for summary judgment. For the same reasons, Plaintiff's renewed motion to compel discovery is DENIED without prejudice.

**II.** **<u>Plaintiff's Request for Appointment of Counsel</u>**

Plaintiff requests the Court to appoint counsel to represent him in this action. Under 28 U.S.C. § 1915, the Court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims <u>pro se</u> in light of the complexity of the legal issues involved. <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986). Neither the need for discovery, nor the fact that the <u>pro se</u> litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. <u>See id.</u> at 1331.

At this juncture, the Court finds that the appointment of counsel is not warranted. The discovery issues have been decided, Plaintiff has not established a likelihood of success on the merits, and he has been able to articulate his claims adequately. Accordingly, the request for the appointment of counsel is DENIED without prejudice.

**III.** **<u>Plaintiff's Request for Extension of Time to File Opposition</u>**

On April 1, 2010, Plaintiff filed a motion for enlargement of time in which to respond to Defendants' motion for summary judgment. Plaintiff has shown good cause for the extension.

Accordingly, the request for extension of time to file an opposition to Defendants' motion for

9

summary judgment is GRANTED.  The parties shall abide by the briefing schedule outlined below.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1.      Plaintiff's Rule 56(f) motion (docket no. 96) IS DENIED.

2.      Plaintiff's renewed motion to compel discovery (docket no. 98) is DENIED without prejudice.

3.      Plaintiff's motion for appointment of counsel (docket no. 97) is DENIED without prejudice.

4.      Plaintiff's motion for extension of time to file his opposition (docket no. 100) is GRANTED.  In the interest of justice, the Court allows Plaintiff up to including **August 2, 2010** to serve on Defendants his opposition to their motion for summary judgment.  Defendants' reply is due **fifteen (15) days** after Plaintiff files his opposition.

5.      Defendants are directed to provide Plaintiff with an opportunity to view the video tape and listen to the audio tape relating to the 2006 incident within **ten (10) days** from the date of this Order.  Defendants shall submit a confirming declaration to the Court after Plaintiff has been allowed an opportunity to view the video tape and hear the audio tape.  Defendants shall also provide the Court with a copy of each tape no later than **ten (10) days** from the date of this Order.

6.      This Order terminates Docket nos. 96, 97, 98 and 100.

IT IS SO ORDERED.

DATED: _6/23/10_                                       _Saundra B Armstrong_
                                                       SAUNDRA BROWN ARMSTRONG
                                                       United States District Judge

G:\PRO-SE\SBA\CR.07\Henderson2838.deny56(f)&pendingMOTS.frm

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CURTIS LEE HENDERSON SR,

        Plaintiff,

  v.

CALIFORNIA DEPARTMENT OF
CORRECTION et al,

        Defendant.
_____/

Case Number: CV07-02838 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 24, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Curtis Lee Henderson H-43488
California State Prison - Delano
P.O. Box 5102
Delano, CA 93216

Dated: June 24, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.07\Henderson2838.deny56(TJ&pendingMOTS.frm