UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CURTIS LEE HENDERSON SR.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>J. PETERSON, et al.,<br><br>　　　　Defendants. | Case No: C 07-2838 SBA PR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN DISCOVERY**<br><br>Docket 131 |

The parties are presently before the Court on Plaintiff's Motion to Reopen Discovery. Dkt. 131. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.   BACKGROUND

Plaintiff, a state prisoner, commenced the instant action under 42 U.S.C. § 1983 based on an incident which occurred in 2006 while he was incarcerated at Pelican Bay State Prison. On September 30, 2010, the Court granted Defendants' motion for summary judgment as to Plaintiff's claim for deliberate indifference, but denied the motion as to his claim for excessive force. After locating counsel willing to represent Plaintiff, the Court issued an order on December 9, 2010, appointing Rachael E. Meny, Benedict Y. Hur, R. Adam Lauridsen and Sharif E. Jacob of Keker & Van Nest LLP as counsel for Plaintiff. Dkt. 123. Plaintiff has now filed a motion to reopen discovery to permit additional

discovery to be taken up to April 8, 2011.[1]  Specifically, Plaintiff seeks to depose Defendants and to obtain documents identifying percipient witnesses to the incident, documentary evidence pertaining to Plaintiff's injuries and documents concerning prior complaints of excessive force and failure to intervene made against Defendants.  See Pl.'s Mot. at 3-4, Dkt. 131. Plaintiff indicates that the proposed extension of the discovery cut-off will not require changing the trial date.  Defendants oppose the motion, claiming that reopening discovery would be unduly burdensome and will interfere with their trial preparation.  Defs.' Opp'n at 2-3, Dkt. 136.

## II.  DISCUSSION

Federal Rule of Civil Procedure 16 provides that deadlines established in a case management order may "be modified only for good cause[.]"  Fed.R.Civ.P. 16(b)(4). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension."  Johnson, 975 F.2d at 609 (citation omitted).  Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  Id.; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).  Where the moving party has not been diligent, the inquiry ends and the motion should be denied.  Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002); Johnson, 975 F.2d at 609.

In the instant case, the Court is persuaded that Plaintiff's request to reopen discovery is supported by the requisite showing of good cause.  There is no indication that Plaintiff—who until recently has been acting pro se—has been dilatory in conducting discovery.  To the contrary, the record shows that he has made numerous attempts, albeit largely unsuccessfully, to obtain discovery from Defendants prior to the appointment of counsel. Defendants do not dispute that Plaintiff has been diligent.  Instead, Defendants contend that

---

[1] On September 30, 2009, the Court set the discovery cut-off to occur thirty days from the date Plaintiff was served with Defendants' dispositive motion. 9/30/09 Order at 8, Dkt. 75.  Though not entirely clear, it appears that Plaintiff was served with Defendants' dispositive motion on or about March 1, 2009.  Dkt. 95-1.  Thus, the discovery closed on or about March 31, 2010.

reopening discovery is unnecessary because they have agreed to have their depositions taken, will permit a site inspection, and will provide Plaintiff's counsel with copies of unspecified video and audio recordings and documents previously provided to Plaintiff. Defs.' Opp'n at 2-3, Mossler Decl. ¶ 2, Dkt. 137.

Though willing to voluntarily provide Plaintiff with limited, additional discovery, Defendants contend that Plaintiff's attempt to obtain their disciplinary files is "unnecessary and improper." Defs.' Opp'n at 3. However, Defendants fail to cite any decisional authority to support their assertion. Indeed, federal courts have reached the opposite conclusion and granted plaintiffs in excessive force cases leave to obtain the defendant officers' disciplinary files. E.g., Zackery v. Stockton Police Dep't, No. CIV S-05-2315 MCE DAD P, 2007 WL 1655634, at *2 (E.D. Cal. June 7, 2007) (noting that in excessive force cases, the officers' "personnel file information has been found to be quite relevant because they may reveal the defendant officers' credibility, motive and patterns of behavior."); Soto v. City of Concord, 162 F.R.D. 603, 615 (N.D. Cal. 1995) ("Records of complaints against defendant officers relating to their use of excessive force has been found to be relevant to a plaintiff's civil rights claim.") (Wilken, J.).

Defendants also complain that reopening discovery and having to respond to Plaintiff's discovery requests "on the eve of trial" will be time-consuming and disruptive. Defs.' Opp'n at 2. In particular, they argue that the time spent on preparing of their responses "distracts Defendants and third-party correctional staff from their jobs, and imposes and unnecessary economic burden on state taxpayers….." Id. However, such burdens are inherent in litigation. Indeed, Defendants' generalized and unsupported complaints regarding the discovery process could be made in *any* civil action. As for Defendants' trial preparation, the Court notes that trial is not scheduled to commence until July 18, 2011, which is more than six months away. Defendants will therefore have ample time to prepare for a five-day trial, even with the extended period for discovery. To the extent that Defendants believe that Plaintiff's discovery requests are improper and unduly

burdensome, they may file a motion for protective order before the magistrate judge assigned to oversee discovery disputes in this action.

### III. CONCLUSION

The Court is satisfied by Plaintiff's showing of good cause to reopen discovery. Because of Plaintiff's pro se status, it is apparent that he was unable to gain access to evidence and information that he might otherwise have obtained had he been represented by counsel. Nonetheless, Plaintiff is cautioned to limit his additional discovery to matters that he reasonably and legitimately needs to prepare for trial, and to avoid burdening Defendants with unnecessary discovery requests. Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Reopen Discovery is GRANTED. Fact discovery is reopened and shall close on April 8, 2011. This Order terminates Docket 131.

IT IS SO ORDERED.

Dated: February 3, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge