1   KAMALA D. HARRIS
    Attorney General of California
2   MICHAEL W. JORGENSON
    Supervising Deputy Attorney General
3   JAY C. RUSSELL
    Supervising Deputy Attorney General
4   JULIANNE MOSSLER
    Deputy Attorney General
5   State Bar No. 243749
    455 Golden Gate Avenue, Suite 11000
6   San Francisco, CA 94102-7004
    Telephone: (415) 703-5746
7   Fax: (415) 703-5843
    E-mail: Julianne.Mossler@doj.ca.gov
8   Attorneys for Defendants Bullock, Christ, Kelley,
    McBride, Petersen, and Speaker
9
    KEKER & VAN NEST, LLP
10  RACHAEL E. MENY - #178514
    rmeny@kvn.com
11  BENEDICT Y. HUR - #224018
    bhur@kvn.com
12  R. ADAM LAURIDSEN - #243780
    alauridsen@kvn.com
13  SHARIF E. JACOB - #257546
    sjacob@kvn.com
14  710 Sansome Street
    San Francisco, CA 94111-1704
15  Telephone (415) 391-5400
    Facsimile (415) 397-7188
16  Attorneys for Plaintiff CURTIS LEE
    HENDERSON, SR.
17

18              IN THE UNITED STATES DISTRICT COURT

19          FOR THE NORTHERN DISTRICT OF CALIFORNIA

20                      OAKLAND DIVISION

21

22
    **CURTIS LEE HENDERSON,**                    C 07-2838 SBA
23
                                    Plaintiff,
24                                              **AMENDED STIPULATED PROTECTIVE
          v.                                     ORDER**
25

26
    **J. PETERSEN, et al.,**
27
                                    Defendants.
28
    548382.01

1

2    Subject to the approval of this Court, the parties stipulate to the following protective order:

3    1.    In connection with discovery proceedings in this action, the parties may designate any

4    document, thing, material, testimony, or other information derived from them, as "Confidential"

5    under the terms of this Stipulated Protective Order (Order). Confidential information is

6    information that has not been made public or that concerns or relates to the processes, operations,

7    investigations, or other information relating to the California Department of Corrections and

8    Rehabilitation, disclosure of which may have the effect of causing harm to the safety and security

9    of the prison, prison staff, inmates, the public, Plaintiff, or Defendants. Confidential information

10   is also personal information of the Plaintiff and Defendants, including but not limited to home

11   addresses, social security numbers, telephone numbers, email addresses, names or identifying

12   information of family members, the disclosure of which places the safety of Defendants, who are

13   current and former peace officers, and their family members at risk. Confidential information

14   also includes all personal identifying information of any inmate, current or former California

15   Department of Corrections employee, and any third party entitled to confidential protection of

16   personal identifying information under California and/or applicable federal law.

17   By designating a document, thing, material, testimony or other information derived from

18   them as "Confidential," under the terms of this Order, the party making the designation is

19   certifying to the Court that there is a good-faith basis both in law and in fact for the designation

20   within the meaning of Federal Rule of Civil Procedure 26.

21   2.    Confidential documents will be designated by stamping copies of the document

22   produced to a party with the legend "CONFIDENTIAL." Stamping the legend

23   "CONFIDENTIAL" on the cover of any multipage document will designate all pages of the

24   document as confidential, unless otherwise indicated by the producing party.

25   3.    The parties may further designate certain discovery material or testimony of a highly

26   confidential as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" (Attorney's Eyes Only

27   Material), in the manner described in paragraph two. Attorney's Eyes Only Material, and the

28   information contained in them, may be disclosed only to the Court, to counsel for the parties
     548382.01                                              2

1 (including the paralegal, clerical, and secretarial staff employed by counsel), and to the "qualified

2 persons" listed in subparagraphs 7(a) through (c) below, but will not be disclosed to a party,

3 unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made, all

4 other provisions in this Order with respect to confidentiality will also apply.

5     4.     Testimony taken at a deposition, conference, hearing or trial may be designated as

6 Confidential or Attorneys' Eyes Only by making a statement to that effect on the record at the

7 deposition or other proceeding. Arrangements will be made with the court reporter taking and

8 transcribing the proceeding to separately bind portions of the transcript containing information

9 designated as Confidential or Attorneys' Eyes Only, and to label the separately bound portions

10 appropriately. Defendants, and employees of the California Department of Corrections and

11 Rehabilitation, will not be required to disclose confidential personal information, as described in

12 paragraph one, in response to discovery, including questioning at deposition, without the

13 protections for "Confidential" or "Attorneys' Eyes Only" information required by this Stipulated

14 Protective Order. Contact with Defendants and all other employees or officers of the California

15 Department of Corrections and Rehabilitation will be made through the Office of the Attorney

16 General.

17     5.     Material designated as Confidential or Attorneys' Eyes Only under this Order, the

18 information contained in them, and any summaries, copies, abstracts, or other documents derived

19 in whole or in part from material designated as Confidential (Confidential Material) or Attorneys'

20 Eyes Only (Attorneys' Eyes Only Material) may be used only for the purpose of prosecution,

21 defense, or settlement of this action, but for no other purpose.

22     6.     Pursuant to the Court's June 24, 2010 order, relevant documents contained in

23 Defendants' Personnel Files or related to internal investigations by the California Department of

24 Corrections and Rehabilitation will be submitted to the Court for in camera review before

25 production. Following a determination by the Court that the documents are relevant and should

26 be produced, the documents will be designated "Confidential" or "Attorneys' Eyes Only" by the

27 producing party.

28     7.     Any Confidential or Attorneys' Eyes Only Materials will be disclosed or made
548382.01                3

1  available only to counsel for a party (including the paralegal, clerical, and secretarial staff
2  employed by such counsel), and to the "qualified persons" designated below:

3      (a)    experts (together with their clerical staff) retained by counsel to assist in the
4  prosecution, defense, or settlement of this action;

5      (b)    court reporter(s) employed in this action;

6      (c)    any other person about whom the parties in writing agree.

7      Prior to receiving any Confidential or Attorneys' Eyes Only Material, each "qualified
8  person" will be provided with a copy of this Order and will execute a nondisclosure agreement in
9  the form of Attachment A.  A copy of the executed agreement will be provided to counsel for
10  each other party.

11     8.    Any Party or Non-Party may challenge a designation of confidentiality at any time.
12  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to
13  avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant
14  disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality
15  designation by electing not to mount a challenge promptly after the original designation is
16  disclosed.

17         (a)    The Challenging Party shall initiate the dispute resolution process by providing
18  written notice of each designation it is challenging and describing the basis for each challenge.
19  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that
20  the challenge to confidentiality is being made in accordance with this specific paragraph of the
21  Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin
22  the process by conferring directly (in voice to voice dialogue; other forms of communication are
23  not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging
24  Party must explain the basis for its belief that the confidentiality designation was not proper and
25  must give the Designating Party an opportunity to review the designated material, to reconsider
26  the circumstances, and, if no change in designation is offered, to explain the basis for the chosen
27  designation.  A Challenging Party may proceed to the next stage of the challenge process only if

28

548382.01                                    4

1    it has engaged in this meet and confer process first or establishes that the Designating Party is
2    unwilling to participate in the meet and confer process in a timely manner.

3           (b)    If the Parties cannot resolve a challenge without court intervention, the
4    Challenging Party shall file and serve a motion to challenge confidentiality under Civil Local
5    Rule 7 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing
6    that the meet and confer process will not resolve their dispute, whichever is earlier. Each such
7    motion must be accompanied by a competent declaration affirming that the movant has complied
8    with the meet and confer requirements imposed in the preceding paragraph.

9           (c)    The burden of persuasion in any such challenge proceeding shall be on the
10   Challenging Party. All parties shall continue to afford the material in question the level of
11   protection to which it is entitled under the Producing Party's designation until the court rules on
12   the challenge.

13   9.    Depositions will be taken only in the presence of qualified persons.

14   10.    Nothing in this Stipulated Protective Order will impose any restrictions on the use or
15   disclosure by a party of material obtained by the party independent of discovery in this action, or
16   from disclosing its own Confidential Material as it deems appropriate.

17   11.    If Confidential or Attorneys' Eyes Only Material, including any portion of a
18   deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any
19   papers to be filed in Court, such papers will be labeled "Confidential—Subject to Court Order"
20   and filed under seal, according to the procedure set out in Local Rule 79-5, until further order of
21   this Court.

22   12.    In the event that any Confidential or Attorneys' Eyes Only Material is used in any
23   court proceeding in this action other than trial, it will not lose its confidential status through such
24   use, and the party using the material will take all reasonable steps to maintain its confidentiality
25   during such use. Any use of Confidential or Attorneys' Eyes Only Material at trial shall be
26   governed by a separate agreement or order to be addressed as part of the pretrial conference
27   procedures.

28
     548382.01                                    5

13. This Order will be without prejudice to the right of the parties (i) to bring before the Court at any time a question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order will not prejudice the parties in any way in any future application for modification of this Order.

14. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action. Nothing in this Order, or the production of any information or document under the terms of this Order, or any proceedings under this Order will be deemed as an admission or a waiver by any party, and will not alter the confidentiality or nonconfidentiality or any such document or information or alter any existing obligation of any party or the absence of obligation.

15. This Order will survive the final termination of this action, to the extent that the information contained in Confidential or Attorneys' Eyes Material is not or does not become known to the public, and the Court will retain jurisdiction to resolve any dispute concerning the use of information disclosed under this Order. Unless otherwise ordered or agreed to in writing by the Producing Party, within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals all parties in receipt of Protected Materials shall use reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such Protected Material and certify that fact. The Receiving Party's reasonable efforts shall not require the return or destruction of Protected Material that is (a) stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (b) located in the email archive system or archived electronic files of departed employees, or (c) subject to legal hold obligations. Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material, but such retained information shall continue to be treated in accordance with the Order. Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), expert reports and attorney work product

548382.01 6

1 that contain or refer to Protected Materials, provided that such counsel and employees of such

2 counsel shall not disclose such Protected Material to any person, except pursuant to court order.

3 Nothing shall be interpreted in a manner that would violate applicable canons of ethics or codes

4 of professional responsibility.

5     16.   Absent written permission by the designating party or Court order, information or

6 items designated as Confidential Material and/or Attorney's Eyes Only Material will not be

7 shown or otherwise disclosed to Plaintiff or any other inmates. The parties agree that any audio

8 or video recordings of inmate interviews or other recordings designated as Confidential under this

9 Order will only be shown to Plaintiff to the extent necessary to question him about the incident

10 and prepare him for trial. Plaintiff may not retain copies of any recordings. Counsel for Plaintiff

11 may have and retain copies of any material designated for protection under this order.

12     17.   The Rule 26 Amendments effective December 21, 2010 relating to experts will apply

13 to this matter.

14 SO STIPULATED:

15

16     DATED: March 11, 2011         */s/ Julianne Mossler*
                               JULIANNE MOSSLER

17                                Deputy Attorney General
                               Attorney for Defendants Bullock, Christ,

18                                Kelley, McBride, Petersen, and Speaker

19

20     DATED: March 11, 2011         */s/ R. Adam Lauridsen*
                               R. ADAM LAURIDSEN
                               SHARIF E. JACOB

21                                Attorneys for Plaintiff Henderson

22

23 APPROVED AND SO ORDERED:

24

25     DATED: 3/ March 2011

26 SF2008201108                  SAUNDRA BROWN ARMSTRONG
                               United States District Judge

27                                Bernard Zimmerman
                               United States
                               Magistrate Judge

28   548382.01              7

1

2

3    <u>ATTACHMENT A</u>

4    <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

5    I, _____ [print or type full name], of _____

6    [print or type full address], declare under penalty of perjury that I have read in its entirety and

7    understand the Stipulated Protective Order that was issued by the United States District Court for

8    the Northern District of California on [date] in the case of Curtis Lee Henderson, Sr. v. J.

9    Petersen, et al., United States District Court, Northern District of California, Case No. 07-CV-

10   2838. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

11   and I understand and acknowledge that failure to so comply could expose me to sanctions and

12   punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

13   any information or item that is subject to this Stipulated Protective Order to any person or entity

14   except in strict compliance with the provisions of this Order.

15       I further agree to submit to the jurisdiction of the United States District Court for the

16   Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

17   Order, even if such enforcement proceedings occur after termination of this action.

18       I hereby appoint _____ [print or type full name] of

19   _____ [print or type full address and telephone

20   number] as my California agent for service of process in connection with this action or any

21   proceedings related to enforcement of this Stipulated Protective Order.

22   Date:                    _____

23   City and State where     _____
     sworn and signed:

24   Printed name:            _____
25                            [printed name]

26   Signature:               _____
27                            [signature]

28
     548382.01                          8