KEKER & VAN NEST LLP
RACHAEL E. MENY - #178514
rmeny@kvn.com
BENEDICT Y. HUR - #224018
bhur@kvn.com
R. ADAM LAURIDSEN - #243780
alauridsen@kvn.com
SHARIF E. JACOB - #257546
sjacob@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff
CURTIS LEE HENDERSON, SR.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CURTIS LEE HENDERSON, SR., <br><br> Plaintiff, <br><br> v. <br><br> J. PETERSEN, et al., <br><br> Defendants. | Case No. C07-2838-SBA <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY OF DEFENDANTS' PERSONAL FINANCES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: <br> Time: <br> Dept:   Courtroom 1, 4th Floor <br> Judge:   Hon. Saundra B. Armstrong <br><br> Date Comp. Filed:   May 31, 2007 |

## I.     NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that as soon as the matter may be heard by a Magistrate Judge assigned by this Court, Plaintiff Curtis Lee Henderson, Sr., will and hereby does move the Court to compel discovery of defendants' personal finances.  This motion is based upon the Memorandum of Points and Authorities, the Declaration of R. Adam Lauridsen filed in support herewith, and all pleadings and papers on file in this action.

### A.     INTRODUCTION

Defendants have steadfastly refused to answer questions regarding their personal finances, arguing that such information is protected by the United States Constitution as well as the Constitution of California.  While both federal and state law do recognize a privacy right with respect to one's personal financial information, **this right is not absolute**.  Rather, in the context of litigation, one party's right to privacy must be carefully balanced against the opposing party's need for discovery into relevant matters.  In this instance, the scales tip heavily in favor of Plaintiff Curtis Lee Henderson, Sr.'s right to discovery.

Mr. Henderson's complaint alleges violations of 42 U.S.C. § 1983, and one of the forms of relief sought in the complaint is punitive damages.  Defendants cannot dispute that punitive damages are available under section 1983; nor can they dispute that their personal financial information is directly relevant to the amount of such damages.  Thus, their claim of privilege is easily trumped by the Mr. Henderson's need for discovery that is directly relevant to his damages claim.  Moreover, there is a protective order already in place in this case that will ensure that defendants' financial information will only be viewed by the parties' counsel and the Court.

For these reasons, as discussed in more detail below, Mr. Henderson should be allowed discovery into defendants' personal finances.

### B.     ARGUMENT

During their depositions in this matter, defendants have uniformly refused to answer questions regarding their personal finances.  *See* Declaration of Adam Lauridsen in Support of Plaintiff's Motion to Compel Discovery of Defendants' Personal Finances ("Lauridsen Decl."),

1   Exhs. A-F (relevant portions of deposition transcripts).  During each deposition, defendants'
2   counsel objected on grounds that each defendants' "personal financial information is protected
3   from disclosure by the right of privacy [enshrined in] both the [United States] and California
4   constitutions."  *See id.*, Exh. A at 188:1-4 (Petersen); *see also id.*, Exh. B (Speaker) at 163:7-11;
5   Exh. C (Bullock) at 99:23-100:1; Exh. D (Christ) at 30:1-5; Exh. E (McBride) at 79:12-16; Exh.
6   F (Kelley) at 44:10-13.

7       While both federal and state constitutions recognize a privacy interest in personal
8   information, including financial information, **this right is certainly not absolute**.  *See, e.g.,*
9   *Harris v. Sup. Ct.*, 3 Cal. App. 4th 661, 664-665 (1992); *Whalen v. Roe*, 429 U.S. 589, 598-600
10  (1977); *see also Charles O. Bradley Trust v. Zenith Capital LLC*, 2005 WL 1030218, *2 (N.D.
11  Cal., May 5, 2005) (Chen, M.J.); *Farm v. U.S. Trustee (In re Crawford)*, 194 F.3d 954, 959 (9th
12  Cir. 1999).[1]  Rather, "[w]hen the right to discovery conflicts with a privileged right, the court is
13  required to carefully balance the right of privacy with the need for discovery."  *Harris*, 3 Cal.
14  App. 4th at 664 ; *see also Charles O. Bradley Trust*, 2005 WL 1030218 at *2 ("Courts that have
15  considered whether a disclosure of financial information might violate a constitutional right to
16  privacy have employed a balancing test to determine whether there has been a violation.")
17  (citations omitted).

18      **1.   California compels disclosure the requested information.**

19      Under California law, a privacy interest "must give way" to compelling public interest.
20  *Harris v. Sup. Ct.*, 3 Cal. App. 4th at 664; *see also Johnson v. Sup. Ct.*, 80 Cal. App. 4th 1050,
21  1070 (2000); *Save Open Space Santa Monica Mountains v. Sup. Ct.*, 84 Cal. App. 4th 235, 252
22  (2000).  One such compelling public interest reflected in California's broad discovery statutes is
23  "facilitating the ascertainment of truth in connection with legal proceedings."  *Britt v. Sup. Ct.*,

---

[1] There appears to be disagreement among federal courts about whether state or federal law applies.  *See, e.g., Garcia v. City of Imperial*, 270 F.R.D. 566, 572 (S.D. Cal., 2010) ("To the extent privacy is a matter of privilege under state law, federal courts will honor the privilege and protect the responding party from discovery."), *but compare Charles O. Bradley Trust*, 2005 WL 1030218 at *2 (holding that federal privilege law applies in a case involving both federal and pendent state claims).  This Court need not resolve this distinction, however, because, as explained herein, it is clear that Mr. Henderson has a right to the requested discovery under either standard.

1  20 Cal. 3d 844, 857 (1978); *Save Open Space Santa Monica Mountains,* 84 Cal. App. 4th at 253-
2  254.
3        As indicated above, to reconcile these competing interests, courts balance any privacy
4  interest against the need for discovery.  *Save Open Space Santa Monica Mountains*, 84 Cal. App.
5  4th at 254; *Valley Bank of Nev. v. Sup. Ct.*, 15 Cal. 3d 652, 657 (1975).  Thus, where evidence
6  sought is directly relevant to the claim or defense and essential to the fair resolution of the
7  lawsuit, it is proper to compel disclosure.  *See Johnson*, 80 Cal. App. 4th at 1071.  In this case,
8  there can be no dispute that a defendants' personal finances are directly relevant to the issue of
9  Mr. Henderson's claim for punitive damages, and therefore, essential to the fair resolution of this
10 matter.
11       In fact, as a matter of well-established California law, "a plaintiff alleging a cause of
12 action which supports a claim for punitive damages may by discovery obtain information
13 concerning his adversary's financial status." *Rawnsley v. Sup. Ct.*, 183 Cal.App.3d 86, 90-91
14 (1986) (citing *Coy v. Sup. Ct.*, 58 Cal.2d 210 (1962)).  As the California Supreme Court noted:

> The relevancy of such evidence lies in the fact that punitive damages are not awarded for the purpose of rewarding the plaintiff but to punish the defendant. Obviously, the trier of fact cannot measure the 'punishment' without knowledge of defendant's ability to respond to a given award.  His financial condition thus is relevant to the issues, and is properly discoverable.

18 *Coy*, 58 Cal.2d at 223.  Thus, it is considered reversible error for a trial court to order a plaintiff
19 to "wait until after he obtains a judgment in order to obtain such information." *Id.*; *see also*
20 *Cobb v. Sup. Ct.*, 99 Cal. App. 3d 543, 548 (1979) ("Ordering bifurcation of discovery regarding
21 financial condition until a special verdict on the right to punitive damages has been obtained flies
22 squarely in the face of the holding in the *Coy* case[.]")
23       In this case, Mr. Henderson has certainly alleged a cause of action that supports a claim
24 for punitive damages. *See Smith v. Wade*, 461 U.S. 30, 35 (1983) ("punitive damages are
25 available in a proper § 1983 action") (internal quotation marks omitted).  Therefore, under
26 California law, defendant is necessarily permitted discovery into defendants' personal finances.
27       **2.**    **Federal law also compels disclosure of the requested information.**
28       Like California, federal courts also employ a "balancing test" to determine whether a

1  defendant's claimed right to privacy must give way to the plaintiff's need for discovery.

2  *Charles O. Bradley Trust*, 2005 WL 1030218 at *2; s*ee also Soto v. City of Concord*,

3  162 F.R.D. 603, 616 (N.D. Cal. 1995) ("Resolution of a privacy objection or request for a

4  protective order requires a balancing of the need for the information sought against the privacy

5  right asserted."); *Breed v. U.S. Dist. Ct. for Northern Dist.*, 542 F.2d 1114, 1116 (9th Cir. 1976)

6  (balancing the invasion of minor's privacy rights against the court's need for ward files).[2] And,

7  as stated above, defendants' finances are directly relevant to the issue of punitive damages, and

8  must necessarily be produced in order for the issue to be resolved by the trier of fact.

9      Defendants may attempt to argue that the trial should be bifurcated, and the issue of

10  damages only addressed after a finding of liability.  This is clearly incorrect under California

11  law, and it is not supported by federal law either.  Although the "Ninth Circuit has not defined

12  the parameters of the dissemination of financial information during discovery when punitive

13  damages are alleged[,] . . . [t]he approach employed by the majority of federal courts is that a

14  plaintiff seeking punitive damages is entitled to discover information relating to the defendant's

15  financial condition in advance of trial without making a prima facie showing that he is entitled to

16  recover such damages." *E.E.O.C. v. Cal. Psychiatric Transitions*, 258 F.R.D. 391, 394-395

17  (E.D. Cal. 2009) (internal quotation marks omitted).  The countervailing approach, employed by

18  a minority of federal courts, is that plaintiff must first allege specific facts sufficient to support a

19  claim for punitive damages.  *See id*. at 395.

20      Given the Ninth Circuit's silence on this issue, Mr. Henderson respectfully requests that

21  the Court, should it apply federal law, evaluate this motion under the majority approach.

22  Nonetheless, Mr. Henderson's certainly alleges sufficient facts to warrant punitive damages

23  under the minority approach as well.  *See Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005)

24  (holding that "malicious, wanton, or oppressive acts or omissions" are a proper basis for punitive

25  damages under section 1983).  In granting in part and denying in part defendants' summary

26  judgment motion, this Court specifically held:  "Based on Plaintiff's allegations, the Court would

---

[2] Moreover, even if federal law is exclusively applicable to defendants' claim of privilege, the Court may still "take into account relevant state law that pertains to Defendants' right to

1  have to find that Defendants Petersen's, Speaker's and Bullock's conduct was not applied in a
2  good-faith effort to restore discipline, but instead **maliciously and sadistically** to cause harm[.]"
3  Doc. 117 at 12:21-23 (emphasis added).  The Court also held:  "Plaintiff has created a genuine
4  issue of fact as to whether Defendants Christ, Kelly and McBride had an opportunity to intervene
5  to prevent the use excessive force against Plaintiff by the other Defendants."  *Id*. at 13:10-13.
6        Thus, Mr. Henderson is also entitled to discovery into defendants' finances under federal
7  law as well.

8      **3.**    **The protective order already in place in this case is sufficient to protect defendants' privacy interest.**
9

10        Both federal and California state courts have made clear that narrowly drawn protective
11  order resolves any privacy concerns a defendant might have in producing private information.
12  *See, e.g., Richards v. Sup. Ct.*, 86 Cal. App. 3d 265, 273 (1978) ("So long as the disclosure is
13  limited by a properly fashioned protective order, the invasion into privacy is held within the
14  limits required by [the constitutional right to privacy]); *TBG Ins. Servs. Corp. v. Sup. Ct.*, 96 Cal.
15  App. 4th 443, 454 (2002) (appropriate protective order resolves any lingering privacy interest);
16  *Soto v. City of Concord*, 162 F.R.D. at 616 ("A carefully drafted protective order could minimize
17  the impact of . . . disclosure [of private information]."); *Charles O. Bradley Trust*, 2005 WL
18  1030218 at *2 ("Defendants' interests in maintaining their privacy can be protected through a
19  protective order.").
20        In this case, there is already a stipulated protective order in place, that allows for
21  documents to be designated "Confidential" or "Confidential—Attorneys' Eyes Only."  *See*
22  Amended Stipulated Protective Order (Doc. 156) at ¶¶ 2-3.  The latter designation limits
23  disclosure of such documents to "the Court, counsel for the parties . . . and to the 'qualified
24  person' listed in subparagraphs 7(a) through (c)" of the protective order."  *Id*.  Counsel for
25  Mr. Henderson have and continue to agree to designate any discovery related to defendants'
26  personal finances as "Confidential—Attorneys' Eyes Only."  This should be more than sufficient
27  to allay defendants' privacy concerns.  Moreover, both federal and state law provide that a
28  privacy."

tightly drawn protective order is sufficient to protect defendants' privacy interests.

Thus, given the undisputable relevance of the requested information, the protective order only further tips the balance of interests in favor of disclosure on defendants' financial information.

## C. MEET AND CONFER REQUIREMENT

The parties have meet and conferred regarding this matter and have been unable to reach an agreement regarding the dispute described herein. *See* Lauridsen Decl. ¶¶ 3-6, Exhs. G, H. Thus, it was necessary to file the instant motion and have this matter resolved by the Court.

## II.   CONCLUSION

For the all of the reasons stated herein, Mr. Henderson respectfully requests that the Court issue an order compelling discovery into defendants' personal finances.

Dated:  April 8, 2011                                    KEKER & VAN NEST LLP


By:  _____/s/_____
R. ADAM LAURIDSEN
Attorneys for Plaintiff
CURTIS LEE HENDERSON, SR.