1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                     NORTHERN DISTRICT OF CALIFORNIA
10
11  CURTIS LEE HENDERSON,        )
                                 )
12            Plaintiff(s),      )    No. C07-2838 SBA (BZ)
                                 )
13       v.                      )
                                 )    **ORDER GRANTING PLAINTIFF'S**
14  J. PETERSON, et al.,         )    **MOTION TO COMPEL**
                                 )
15            Defendant(s).      )
    _____)
16

17       Plaintiff's motion to compel discovery of the financial
18  information of the individual defendants is **GRANTED**.
19       The thrust of plaintiff's motion is that he is asserting
20  a §1983 claim against the individual defendants for which
21  punitive damages are available.  Defendants do not dispute
22  that Judge Armstrong has ruled that if plaintiff's allegations
23  are believed, the trier of fact could conclude that defendants
24  acted "maliciously and sadistically." (Document no. 117 @
25  12:22-23).
26       Defendants resist providing financial information,
27  relying on a variety of California privacy rules centering on
28  California Civil Code §3295(c), which controls the timing of

the disclosure of financial information. Plaintiff is correct that in a federal civil rights claim, §3295(c) does not control. See e.g. <u>Charles O. Bradley Trust v. Zenith Capital LLC</u>, 2005 WL 1030218 (N.D.Cal.); <u>Vieste LLC v. Hill Redwood Dev.</u>, 2011 WL 855831 (N.D.Cal.).

I am not unmindful that California residents have certain privacy expectations founded on California law which federal courts often balance in determining whether to produce financial information. Here, the information is plainly relevant to one of plaintiff's claims and defendant's privacy concerns can largely be mitigated by having the information produced pursuant to an appropriate protective order "for attorney's eyes only." The information shall not be entered into a computerized data base, unless ordered by the Court.

It is Therefore **ORDERED** that plaintiff's motion is **GRANTED**. By **June 6, 2011,** each defendant shall produce, pursuant to an appropriate protective order, information sufficient to establish his net worth and financial condition. If defendants timely comply with this Order, I see no need for an extension of the discovery deadline. Therefore, that motion (Doc. No. 170) is **DENIED** without prejudice to being renewed if the discovery if not forthcoming.

Dated: May 18, 2011

　　　　　　　　　　　　　　　　／s／ Bernard Zimmerman
　　　　　　　　　　　　　　　　United States Magistrate Judge

G:\BZALL\-REFS\HENDERSON (R&R)\ORDER GRANTING PLTF'S MOTION TO COMPEL FINANCIAL INFO.wpd